KINSELEY, STOUT & KELLOGG v. JAS. H. RUMBOUGH.

### Records of other States.

1. Records of other States to be used in evidence in this State, must have the attestation of the clerk of the Court whose record is offered, and the seal of the Court, if it have one. If there be no seal, this fact must appear in the certificate of the clerk; and the Judge, Chief Justice, or presiding magistrate of such Court, must certify that the record is properly attested.

2. In such case, it is not necessary that the Governor of the State should certify under the great seal of the State to the official character of the Judge who makes the certificate, nor that the clerk should make such certificate, under his official seal. The provisions of §906 of the Revised Statutes of the United States do not apply to records of Courts and judicial proceedings.

(*Lee* v. *Gause*, 2 Ired., 440; *Shown* v. *Barr*, 11 Ired., 296; *Warren* v. *Wade*, 7 Jones, 494; cited and approved).

CIVIL ACTION, tried before *Shipp, Judge*, at Spring Term, 1886, of MADISON Superior Court.

The cause of action alleged in the complaint, is a judgment of the Circuit Court of the county of Knox, in the State of Tennessee. The defendant having in effect pleaded *nul tiel record*, on the trial, the plaintiff put in evidence the transcript of the record of a judgment of that Court, authenticated in manner and form following:

"STATE OF TENNESSEE—*Knox County:*

I, E. W. Adkins, Clerk of the Circuit Court in and for the county and State aforesaid, do hereby certify that the foregoing is a full, true and perfect transcript of the record and proceedings had in said Court in the above entitled cause of *Kinseley, Stout and Kellogg* v. *James H. Rumbough,* as the same appears of record and remains on file in my office.

13

In testimony whereof, I have hereunto set my hand and affixed the seal of said Court, at my office in Knoxville, this 27th day of October, 1880.

[Seal Knox Co , Tenn.]        E. W. ADKINS, *Clerk.*"

"I, Samuel A. Rodgers, the Judge of the Circuit Court of Knox county, in the State of Tennessee, do hereby certify that the above certificate and attestation signed by E. W. Adkins, the clerk of said Court, and to which the seal of said Court is annexed, is in due form.

S. A. RODGERS,
*Judge of the 3d Judicial Circuit of Tenn.*"

"STATE OF TENNESSEE—*County of Knox:*

I, Samuel A. Rodgers, the Judge of the Circuit Court for the county of Knox, in the State of Tennessee, do hereby certify that E. W. Adkins, whose genuine official signature appears to the foregoing certificate, is and was at the time of signing of the same, clerk of the said Circuit Court, duly elected and sworn in; that full faith and credit are due to his official acts; that the seal of said Court and that the said attestation is in due form and by the proper officer.

Given under my hand this day, February, A. D. 1882.

S. A. RODGERS,
*Judge 3d Judicial Circuit of Tennessee.*"

The defendant contended that this authentication was not sufficient and in accordance with the act of Congress prescribing how such records shall be certified. The Court held it was sufficient, and this ruling is assigned as error. There was judgment for the plaintiff, and the defendant appealed to this Court.

*Mr. Theo. F. Davidson,* for the plaintiffs
*Mr. John Devereux, Jr.,* for the defendant.

MERRIMON, J., (after stating the facts).   The Constitution of the United States, Art. IV., §1, provides that, "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State, and the Congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

In the exercise of the power thus conferred, Congress, at an early period of the government, enacted the statute, (Rev. Stats. U. S., §905; *The Code* of N. C., vol. II., pp. 732–3), which among other things provides, that "the records and judicial proceedings of the Courts of any State or Territory, or of any such country, (any country subject to the jurisdiction of the United States), shall be proved and admitted in any Court within the United States, by the attestation of the clerk, and the seal of the Court annexed, if there be a seal, together with a certificate of the Judge, Chief Justice or presiding magistrate, that the said attestation is in due form."   The statutory provision is operative and binding everywhere in all Courts within the United States, and countries subject to their jurisdiction.

It plainly appears from its terms, that such records must have the attestation of the clerk of the Court whose record is offered in evidence, and the seal of that Court attached, if there be one.   If there be no seal, this fact should appear in the certificate of the clerk.   The purpose of this attestation of the clerk and seal, usually in the form of a certificate, is to identify the record in question, as truly set forth in the transcript.   In addition to such attestation, the Judge, Chief Justice or presiding magistrate of the Court where the record is thus attested, must certify that the attestation is in due form of law in the State where it is given, the object being to give judicial assurance that the law of the State regulating the attestation of records as to form has been observed by the clerk.   Thus the record will appear

when it is offered in evidence just as it would in the Courts of the State from which it came, and have the like faith and credit. These are the essential requisites of a proper authentication of the record and judicial proceedings of a Court of record in another State.

It is not necessary that the official character of the certifying Judge or magistrate shall be certified by the Governor under the great seal of the State, nor that the clerk of the Court shall certify under his hand and seal of office, that the certifying Judge or magistrate is duly commissioned and qualified. The provisions of the statute, (Rev. Stats. U. S., §906; *The Code* of N. C., vol. 2, p. 733,) prescribing how another class of records and exemplifications of books shall be authenticated, do not, as contended by the counsel of the appellant, apply to records of Courts and judicial proceedings; it is expressly otherwise provided. Records of Courts do not come within the terms, scope or purpose of these provisions.

The authentication of the record in question, while containing redundant matters, and two certificates of the Judge, when one was sufficient, contains all the essential requisites prescribed by the statute first above cited. The clerk attests the record by his certificate and signature and the seal of the Court annexed. This is full for the purpose. The Judge certifies fully and sufficiently that the attestation of the clerk is in due form of law. This is sufficient. *Lee* v. *Gause*, 2 Ired., 440; *Shown* v. *Barr*, 11 Ired., 296; *Warren* v. *Wade*, 7 Jones, 494; *Eaton's Forms*, p. 616; 1 Gr. Ev., §§504, 505, 506.

There is no error, and the judgment must be affirmed.

No error.                                    Affirmed.

NOTE —The case of *Williams* v. *Rumbough*, argued at the same time as the above case, involved the same points.