**Ellett L. PASCHALL, Appellant,**

v.

**Margaret E. GEIB, Appellee.**

**No. 16741.**

Court of Civil Appeals of Texas.

Dallas.

June 17, 1966.

Rehearing Denied July 15, 1966.

Donald McNees and George & Stewart, Dallas, for appellant.

Bailey, Williams, Weber & Allums and G. David Westfall, Dallas, for appellee.

BATEMAN, Justice.

The appellant Ellett L. Paschall appeals from a summary judgment rendered against him in favor of the appellees Margaret E.

Geib and The Aetna Casualty & Surety Company, herein called Aetna. The basis of the suit was a California judgment in favor of Margaret E. Geib against Ellett L. Paschall in the sum of $8,212.05 and costs of $50.60.

■ By his first three points of error on appeal appellant complains that the foreign judgment was not duly authenticated and was not shown to be final. To be entitled to full faith and credit in another state the judgment must be attested by the clerk of the court rendering the judgment, and the seal of the court if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form. United States Constitution, Article IV, Section 1; United States Code Annotated, Title 28 § 1738. The judgment appears to have been signed by Russell S. Waite, Judge of the Superior Court of the State of California for the County of Riverside, and is dated November 18, 1964. The copy is accompanied by two certificates dated April 28, 1965; one by Donald D. Sullivan, Clerk of said Court, certifying that it is a full, true and correct copy of the original on file and of record in his office, and the other by Leo A. Deegan, Judge of the same Court, certifying that the said Donald D. Sullivan is the Clerk of the said Court, that full faith and credit are due to his official acts, and that the seal affixed to the exemplification is the seal of said Court, and that the attestation thereof is in due form and according to the form of attestation used in California.

■ Appellant says the copy of the California judgment is not duly authenticated because (1) it appears to have been signed by Russell S. Waite but the certificate to the genuineness of the Clerk's attestation is signed by Leo A. Deegan, and both Waite and Deegan are described as Judges of the same Court; and (2) neither Waite nor Deegan is certified by the Clerk as Judge of that Court.

■ The fact that the judgment and the certificate are signed by two different individuals is not in our opinion a defect in the record. So far as we know, there may be several Judges of the Superior Court of California for Riverside County, or Judge Deegan may have been the successor of Judge Waite. Appellant argues that if there were more than one judge of the court the statute required certification by "the chief justice or presiding magistrate," citing Harper v. Nichol, 13 Tex. 151, and Randall v. Burtis, 57 Tex. 362. At the times those cases were decided the federal statute did make that requirement, but since 1948 the amended statute, 28 U.S.C.A. § 1738, has required only the certificate of "a judge of the court."

■ Neither are we impressed by the absence of extrinsic evidence that Judges Waite and Deegan are actually judges of the Superior Court of California for the County of Riverside. In the absence of proof to the contrary we can properly presume that the certificates are true. Kinsley v. Rumbough, 96 N.C. 193, 2 S.E. 174; Dusenberry v. Abbott, 1 Neb. 101, 95 N.W. 466.

■ The California judgment appears on its face to be a valid, final and subsisting judgment rendered by a court of general jurisdiction. The authentication thereof is in compliance with the federal statute, and its introduction made a prima facie case, at least for Geib, unless it was successfully attacked or the lack of jurisdiction of the California court shown. Garman v. Reynolds, Tex.Civ.App., 284 S.W.2d 262, wr. ref.

■ Jurisdiction will be presumed, and all prior requisites to the rendition of a valid judgment will be presumed to have been fulfilled, unless disproved by extrinsic evidence or by the record itself. Adam v. Saenger (Tex. 1938), 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649. These presumptions, and the authenticated copy of the

foreign judgment, cast upon the appellant the burden of an affirmative showing that there was an omission of some requisite to a valid judgment. Liddell v. Blevins, Tex.Civ.App., 244 S.W.2d 335, wr. ref. And this must be done by some means other than mere pleadings. Gulf, C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492; Sparkman v. McWhirter, Tex.Civ. App., 263 S.W.2d 832, wr. ref. The burden of proof does not actually shift, but the burden of going forward with evidence does shift when the movant has established his cause of action. Statham v. City of Tyler, Tex.Civ.App., 257 S.W.2d 742, 746, wr. ref. n.r.e.

Because we feel that the exemplified copy of the California judgment established the right, at least of the appellee Geib, to recover in the Texas suit as a matter of law, we overrule appellant's first three points of error.

■ By his fourth point of error, appellant contends that, the California judgment being in favor of only the appellee Geib, it was error to render summary judgment against him in favor of the appellee Aetna, which was neither plaintiff nor defendant in the California suit. We do not agree with appellant.

In her original petition in the Texas suit the appellee Geib sued "for the use and benefit of the Aetna Casualty & Surety Company," reciting the California judgment in her favor for $8,212.05, plus costs of $50.60, and alleged that the basis of her suit in California against appellant was a collision between an automobile owned and operated by him and another automobile, in which she was a passenger, owned by one Niestradt and insured by Aetna by a policy which provided, *inter alia*, for "uninsured motorist coverage"; that Aetna, being satisfied that Paschall and his car were not covered by liability insurance, thus fixing liability on it under said "uninsured motorist coverage", paid Margaret E. Geib $6,750,

whereupon Aetna became subrogated to her cause of action to the extent of said $6,750. She prayed for a judgment for $8,212.05, of which $6,750 should be for the use and benefit of Aetna, which should have priority of payment. Appellant especially excepted to the petition because the allegations concerning Aetna, with which appellant had had no contractual dealings and to which he owed no legal duty, created a defect in the parties plaintiff, and such allegations were improper because Aetna was not shown to be under any disability and was not alleged to have had transferred to it any interest in the cause of action sued on, and because said allegations did not apprise him of the terms of any contract between Geib and Aetna. These special exceptions were sustained, whereupon the appellee Geib filed an amended petition alleging the same California judgment but without mentioning Aetna. That company was later given leave to intervene and did intervene, setting up its subrogation rights in substantially the same language as had been used by the appellee Geib in her original petition.

In our opinion, this point is without merit. Appellant was shown to owe the entire amount of the California judgment which had been granted to the appellee Margaret E. Geib. If she saw fit to recognize certain subrogation rights of Aetna, appellant is in no position to deny her the right to do so. Both appellees are represented by the same attorneys and are apparently in complete agreement as to their respective interests in the judgment. If Geib wishes to waive proof by Aetna of the facts and circumstances giving rise to its claimed subrogation interest in a foreign judgment which on its face belongs wholly to her, and to agree to the existence of such interest and the amount thereof, she has the right to do so and appellant, who could not be adversely affected thereby, has no right to attack the judgment because she did so. The fourth point is overruled.

The judgment is affirmed.