Hays v. Tippy et al.

Filed October 11, 1883.

———————◆———————

No. 10,352.

## HAYS v. TIPPY ET AL.

CONSTITUTIONAL LAW. — *Construction of Statute.* — *Supreme Court.* — When the constitutionality of a statute is called in question, it is the uniform rule of the Supreme Court to construe and interpret its provisions, if possible, so as to sustain and not defeat the law; and even where the constitutionality of the law seems to be doubtful, the doubt will be solved in favor of its constitutionality.

DRAINAGE LAW. — *Special Proceeding.* — *Failure to Remonstrate.* — *Assessment.* — *Relief From.* — *Statute Construed.* — A proceeding under the drainage act of April 8th, 1881 (sections 4273 to 4284, R. S. 1881), for the construction of a ditch or drain, is not a civil action, and the provisions of section 396, R. S. 1881, of the civil code, are not applicable to such a proceeding.

From the Grant Circuit Court.

*G. W. Harvey*, for appellant.

*J. L. Custer*, for appellees.

HOWK, J.—The only question for decision in this case is this: Does the complaint of the appellant, the plaintiff below, state facts sufficient to constitute a cause of action to entitle him to any relief?

The complaint was in form an affidavit, and therein the appellant stated, upon his oath, that he was the owner and in the possession of certain real estate, particularly described, in Grant county; that on the 14th day of September, 1881, the appellees filed, in the court below, their petition, asking for the construction of a ditch to drain the lands therein mentioned; that the court granted the prayer of such petition, and the commissioners of drainage proceeded to view the premises, and, on September 27th, 1881, they made their report, in open court, in favor of the construction of the ditch or drain; that in such report the appellant's lands were reported as benefited in certain named sums, amounting in the aggregate to the sum of $128; that the court then ordered the drain to be constructed and the report confirmed; that at the time the report was made and continuously thereafter, until October 4th, 1881, the appellant was quite ill and confined to his house, and unable to look after or see to any business; that on September 27th, 1881, and for four days thereafter, his disease was of such an aggravated and distressing character as to unfit and prevent him from going to look after, remonstrating against the report, or giving directions concerning the same; that if he had not been so prevented by his sickness and disease, he would have remonstrated, within the three days allowed by law, against the report of the commissioners; that appellant's land would be, in no way, benefited by the construction of the drain, so reported by the commissioners, which he would be able to show by competent proof; that appellant's lands were assessed too much, as compared with other lands assessed as benefited, as shown by the re-

port; and that, being so prevented by sickness from remonstrating against the report within the three days allowed by law, appellant would be greatly injured by reason of such assessments, unless he should be allowed to have the report set aside as to him, and be permitted to remonstrate against such report. Wherefore, etc.

Appellees' demurrer, for the want of sufficient facts, was sustained to the foregoing complaint, and, appellant declining to amend, judgment was rendered against him for appellees' costs.

The assessments against the appellant's lands, from which he seeks to be relieved in this action or proceeding, were made under and pursuant to the provisions of "An act concerning drainage," approved April 8th, 1881, Acts 1881, p. 397; sections 4273 to 4284, R. S. 1881. It must be assumed, because the contrary is not shown or claimed, that all the proceedings in which the assessments complained of by appellant were made, were had in strict conformity with the requirements of the statute. In section 4275, R. S. 1881, the commissioners of drainage are required, among other things, to "assess the benefits or injury, as the case may be, to each separate tract of land to be affected" by the drainage. The appellant did not claim that his lands were not affected by the drainage, but he alleged that his lands would be, in no way, benefited by the construction of the drain, and were assessed too much, as compared with other lands assessed as benefited, as shown by the report of the commissioners of drainage.

In section 4276, R. S. 1881, it is provided that "Upon the making of such report to the court, three days shall be allowed to any owner of lands affected by the work proposed, to remonstrate against the report; and any such remonstrance shall be verified by affidavit, and may be for any or all" of eight different causes. The fourth of these causes is the only cause applicable to the appellant's case, as shown in his complaint, as follows:

"*Fourth.* By any person or persons whose lands are assessed for benefits, that his, her, or their specified lands are assessed too much as compared with other lands assessed as benefited."

The same section also contains the following provision: "If there be no remonstrance, * * * * the court shall also make an order declaring the proposed work established and approving the assessment, and shall direct some one of the commissioners to construct and make the proposed work."

The record shows that, on September 27th, 1881, the commissioners of drainage made their report to the court, "which report the court receives, and, after due examination, finds that the drainage proposed is practicable, and that the same, when completed, will improve the public health and be of public utility, and that the costs and expenses of construction will be less than the benefits derived from the drainage of the lands to the owners thereof, and the court now allows three days for the filing of any remonstrance by any of the property-holders affected by the aforesaid assessments of benefits. And day is given." After the lapse of three full days, to wit, on October 1st, 1881, the court made an order, as provided in the statute, declaring the proposed work established, and approving the assessment, and directing "one of the commissioners to construct and make the proposed work."

Appellant's verified complaint, in this proceeding, was not filed or presented to the court until the second day of its next succeeding term, to wit, on November 22d, 1881.

The first point made by appellant's counsel, in argument, is thus stated in his brief: "We think that portion of section 4 of the drainage act of 1881 (section 4276, R. S. 1881), providing that but three days shall be allowed by the court in which an owner of lands affected by the construction of the drain may remonstrate, is unconstitutional." The learned counsel has not referred us to any clause or section of the constitutions, State or Federal, to which it can be said that this provision of the statute is clearly repugnant, and we know of none. If the constitutionality of the provision is

merely doubtful we are bound, by all the decisions, to give it the benefit of the doubt, and hold it to be constitutional. *Warren* v. *Britton*, 84 Ind. 14. The time given for remonstrating is short, and the provision may, therefore, seem unreasonable and oppressive, but this will not authorize the courts to declare it unconstitutional. *Barton* v. *McWhinney*, 85 Ind. 481. The only remedy for such a defect in the statute is an appeal to the law-making power.

It is next insisted by the appellant's counsel that the last clause of section 396, R. S. 1881, is applicable to the case stated in his verified complaint. This clause reads as follows: "The court may, also, in its discretion, allow a party to file his pleadings after the time limited therefor; and shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings, on complaint or motion filed within two years." This section is section 135 of "An act concerning proceedings in civil cases," approved April 7th, 1881. We are of the opinion that the provision of the civil code, above quoted, is wholly inapplicable to such a proceeding as the one under consideration in the case at bar. This proceeding is not, in any proper sense, a civil action or a civil case. It is a special proceeding, authorized by the General Assembly for the express purpose of promoting public health or improving public highways. Throughout the entire statute it is manifest that the Legislature did not intend that such a proceeding, for such public purposes, should be subjected to any of the delays ordinarily incident to the trial of a civil case. It is provided that " three days shall be allowed to any owner of lands affected by the work proposed, to remonstrate against the report; " and if, during such three days, the appellant was prevented by disease from presenting his remonstrance, that would seem to be his misfortune rather than the fault of the law. In any event, we think it is clear that the provisions of the civil code, above quoted, are not appli-

cable to the proceedings, of which the appellant complains, in the case in hand.

We find no error in the record.

The judgment is affirmed, with costs.

Filed Oct. 18, 1883.