Neff *et al. v.* Reed.

Filed Nov. 24, 1884.

———◆———

No. 11,549.

NEFF ET AL. *v.* REED.

DRAINAGE.—*Practice.—Issue.—Open and Close.*—Where, upon the trial in proceedings for drainage under sections 4273–4284, R. S. 1881, issues are formed by a remonstrance which controverts the averment in the petition that the work proposed will benefit a highway, improve the public health, or be of public utility, the petitioners have the affirmative of such issue, and the right to open and close.

| 98 | 341 |
| 131 | 218 |
| 98 | 341 |
| 137 | 299 |
| 98 | 341 |
| 145 | 574 |
| 98 | 341 |
| 155 | 284 |
| 98 | 341 |
| 168 | 585 |

Neff *et al.* v. Reed.

SAME.—*Trial by Jury.—Supreme Court.*—If in such case the issues be tried by jury without objection, no question as to the regularity thereof can be made in the Supreme Court.

SAME.—*Finding.—New Trial.—Case Limited.*—In such case the correctness of the findings upon the evidence may be questioned by motion for a new trial, as in cases at common law. *Dukes* v. *Working,* 93 Ind. 501, limited.

SAME.—In such cases the question as to whether the report proposes the cheapest and best mode of drainage can not be tried.

SAME.—*Public Highway.*—The turnpike road of a corporation is a public highway within the meaning of the drainage act.

JURY.—*View of Premises.*—*Instruction.*—It is not proper to instruct a jury, which has been sent to view a thing in question, that such view "was not for the purpose of enabling them to determine any question."

From the Cass Circuit Court.

*S. T. McConnell,* *R. Magee* and *J. B. McConnell,* for appellants.

*J. C. Nelson,* *Q. A. Myers,* *D. D. Dykeman,* *W. S. Wilson* and *G. C. Taber,* for appellee.

HAMMOND, J.—This is an appeal from the judgment of the court below in confirming the report of the commissioners of drainage establishing a ditch and assessing benefits and injuries to lands affected by it. The proceedings were had upon the petition of the appellee.

After the commissioners of drainage made their report, appellants severally moved to dismiss the case, " because the report of the drainage commissioners fails to show that the costs, damages and expenses are less than the benefits of said ditch." The motion was overruled, and appellants excepted to the ruling. The motion was not well taken. The commissioners of drainage said in their report : " That the same " (the proposed work) " can be accomplished at an expense less than the aggregate benefits to the lands to be affected thereby. * * * And we further report that we have estimated the costs of constructing the work at one hundred and ninety-five dollars, and assess the same as shown on schedule hereto attached marked 'Exhibit A,' and made a part of this report."

By the schedule referred to it appears that assessments were

made as of benefits to the land of appellant Young, $10; to the land of the appellee, $170; and to the Logansport and Western Turnpike Company, $15; being in all $195; and, also, as of injury to the land of appellant Neff $10. The commissioners also reported that expenses to the amount of $36.75 had been incurred up to the time of making their report.

Appellants claim that the report shows that the costs of the work would be $195, exclusive of the injury to Neff's land and the expenses above named. We do not concur in this construction. The commissioners, we think, intended by their report to say that $195 would pay the entire expense of the work, including Neff's damages and the expenses reported as having been already incurred. The court below evidently took this view, and we think it would do violence to the general tenor and obvious meaning of the commissioners' report to hold differently.

Appellant Neff remonstrated against the report of the commissioners, on the grounds:

1. That the damages assessed to his land were inadequate.

2. That the proposed work was not of public benefit or utility, and would not benefit any public highway.

Appellants Neff and Young also remonstrated jointly against such report, for the reasons:

1. That the proposed work could not be accomplished without an expense exceeding the aggregate benefits.

2. That the proposed work would neither improve the public health nor benefit a public highway, nor be of public utility.

3. That the work decided upon was not sufficient properly to drain the lands to be affected.

The issues thus made were, at the request of appellants and without objection from appellee, submitted to a jury, who, in answer to interrogatories, sustained the report of the commissioners, with some modifications as to the amounts of the assessments. The finding of the jury, without exception thereto by appellants, was received by the court, and judgment rendered accordingly.

Upon empanelling the jury, appellants moved for leave to open and close in the introduction of evidence and in the argument to the jury. This motion was overruled, and appellants excepted.

In analogy to proceedings to establish a public highway, where there are adversary parties, we think that upon a petition to construct a ditch, the petitioner should be regarded as plaintiff and the remonstrants as defendants. *Schmied* v. *Keeney,* 72 Ind. 309. This relation of the parties obtained recognition in the proceedings in this case in the court below.

In *Jackson* v. *Pittsford,* 8 Blackf. 194, it was said: "The rule of law is, that the party on whom the affirmative lies is entitled to begin; and where there are several issues, and the proof of one of them lies on the plaintiff, he is to begin." The rule thus stated has uniformly been adhered to. *Bowen* v. *Spears,* 20 Ind. 146; *Fetters* v. *Muncie Nat'l Bank,* 34 Ind. 251 (7 Am. R. 225); *Baltimore, etc., R. R. Co.* v. *McWhinney,* 36 Ind. 436; *Camp* v. *Brown,* 48 Ind. 575; 1 Works Pr., section 777.

Laws providing for the drainage of wet and overflowed lands at the expense of those benefited by the work may be enforced if such work is of public utility, promotes the public health, or benefits a public highway. *Chambers* v. *Kyle,* 67 Ind. 206; *Wishmier* v. *State, etc.,* 97 Ind. 160.

By the drainage law under which the proceedings in controversy were had, the petition for the construction of a ditch must state that the public health will be improved, or that one or more public highways of the county, or street or streets of a town or city, will be benefited by the proposed work, or that it will be of public utility. Section 4274, R. S. 1881, amended by section 1, Acts 1883, p. 173. The appellee averred in his petition that the proposed work would benefit a public highway and be of public utility. These facts being controverted by the appellants in their remonstrances, the burden was thrown upon the appellee to prove such facts. This he was required to do to sustain material averments in his peti-

tion, and this clearly gave him the right to open and close. There was no error in refusing this right to appellants.

The appellants tendered seven instructions, which the court refused to give, and which refusal was assigned as a ground for a new.trial. Under the statute a trial by jury is not allowable in a case like the present. Section 4276, R. S. 1881, Acts 1883, p. 176; *Anderson* v. *Caldwell*, 91 Ind. 451 (46 Am. R. 613). But as the present case was tried by a jury without any objection from either party, there was no error in this respect of which complaint can be made in this court.

In *Dukes* v. *Working*, 93 Ind. 501, it was suggested that the proper mode, in cases like the present, of questioning the findings of the court upon the evidence, was by exceptions thereto. Whether a motion for a new trial was authorized was not considered. Having had occasion to examine this question with special reference to the practice in similar cases, our conclusion now is that as to questions of fact tried upon issues raised by remonstrances to the report of the commissioners of drainage, a motion for a new trial is allowable, as in ordinary cases. In the first instruction tendered by the appellants and refused by the court, the court was asked to charge the jury, among other things, that they were to determine from the evidence whether the proposed drainage was to be accomplished in the cheapest and best manner. This, no doubt, had reference to the mode of drainage adopted by the commissioners as shown in their report. The question sought to be submitted to the jury by the instruction was not embraced in any of the appellants' grounds of remonstrance, and, indeed, is not embraced in any of the causes for remonstrance recognized by the statute. Section 4 (sec. 4276, R. S. 1881), as amended by section 3, Acts 1883, p. 176. By section 3 (sec. 4275, R. S. 1881), as amended by section 2, Acts 1883, p. 174, it is made the duty of the commissioners of drainage, if they find the proposed work of public utility, etc., to "proceed and definitely determine the .best and cheapest method of drainage." Upon remonstrance to the report of the com-

missioners, no question as to whether they adopted the cheapest and best mode for doing the work can be tried. But, by proper remonstrance, questions of fact may be tried as to whether the work, if done according to the mode adopted by the commissioners, can be accomplished at an expense not exceeding the aggregate benefits, and as to whether the proposed work, according to such method, will improve the public health, benefit any public highway, or be of public utility.

The second and third instructions refused related to questions of public utility and of benefit to the public health. The court, in its general charges to the jury, explained the law so fully upon these points that we think there was no error in refusing the instructions requested by the appellants upon these subjects. These questions, as the court properly informed the jury, were exclusively questions of fact. It was proper to refuse to inform the jury, as the appellants desired, that the existence of certain facts would not, as a matter of law, authorize the jury to find that the work would neither be of public utility nor benefit the public health.

The fourth and fifth charges refused related to the law respecting surface-water. While probably correct as containing abstract propositions of law, they were properly refused as not being applicable to the drainage law, and as having a tendency to mislead the jury.

By the sixth instruction, the court was requested to inform the jury that the gravel road of the Logansport and Western Turnpike Company was not a public highway within the meaning of the drainage law. We presume that this law uses the term "public highway" in its ordinary meaning, and, if so, the instruction would have been erroneous. Thompson Highways, p. 8.

The jury had been permitted to view the place of the proposed ditch.

In the seventh charge refused, the court was requested to inform them that their view of the place, and its surroundings, was not for the purpose of enabling them to determine

one single question involved in the case, but simply to enable them to apply the evidence given in the case. This hardly contained a correct statement of the law. While an inspection by the jury of premises in controversy is only to enable them to make a proper application of the evidence, yet they may by such application be enabled to determine questions which, without such inspection, they could not intelligently consider or decide.

There was no error in refusing to give the instructions requested by the appellants.

Appellants moved in arrest of judgment. This motion was overruled. They claim that the motion should have been sustained, for the reason that, as they insist, the report of the commissioners showed that the costs and damages of the work would exceed its benefits. The motion in arrest did not properly present this question, but, if it did, it was not well taken, for, as we have seen, the report of the commissioners was not open to the objection mentioned.

We find no error, and the judgment is affirmed, at appellants' costs.

