Crume *v.* Wilson *et al.*

---

No. 12,280.

CRUME *v.* WILSON ET AL.

DRAINAGE.— *When Civil Procedure and Practice Applicable.*—The modes of procedure and the rules of practice prescribed by the civil code may be used to supply omissions in the drainage statutes.

SAME.—*Dismissal by Petitioner.*—Under section 333, R. S. 1881, the petitioner for a drain may dismiss his case and withdraw his petition if his motion be made at the proper time.

SAME.—*When Petitioner can not Dismiss.*—It is too late for the petitioner to obtain leave to dismiss, after the filing of the commissioners' report and the lapse of the statutory period for remonstrating, the cause being then ready for final judgment. Section 3, act of March 8th, 1883 (Acts 1883, p. 173).

From the Howard Circuit Court.

*M. Bell, W. C. Purdum, J. C. Blacklidge, W. E. Blacklidge* and *B. C. H. Moon,* for appellant.

*J. F. Elliott* and *L. J. Kirkpatrick,* for appellees.

HOWK, J.—In this case the appellant Crume presented to the court below his verified petition praying for the location and construction of a certain ditch or drain. Proof having been made to the satisfaction of the court, that notice of the intention to present such petition had been given in the manner and for the time required by the statute, the court assumed jurisdiction of the case and ordered the same to be docketed as an action pending therein. Three days afterwards, no demurrer or objection to nor remonstrance against such petition having been filed, the court made an order referring the same to the commissioners of drainage. On the 15th day of December, 1884, the commissioners of drainage filed, in open court, their report of assessments of benefits and damages to the lands affected by the construction of such drain; and ten days were then given any owner of lands, affected by such work to remonstrate against the report of such commissioners. No further step was taken in the cause, so far as the record shows, until the 17th day of January, 1885, or thirty-three days after the filing of the report of the commissioners of drainage. On the day last named, the appellant moved the court in writing "for leave to withdraw his petition in the above cause, and to dismiss the same at his costs."

On the same day, the appellee Wilson, whose lands were

assessed for benefits in the construction of such drain, appeared and objected in writing to the dismissal of appellant's petition. The court sustained appellee's objection and overruled appellant's motion, and approved and confirmed the report of the commissioners of drainage, and the assessments of benefits and damages mentioned therein. Finally, the court ordered that the construction of such drain be referred to Tence Lindley, one of the commissioners of drainage.

Errors are assigned here which call in question the rulings of the circuit court, (1) in sustaining the objections of appellee Wilson to appellant's dismissal of the cause, (2) in overruling appellant's motion for leave to dismiss the case, and (3) in approving and confirming the report of the drainage commissioners and ordering the construction of the drain.

Under these alleged errors, the question for our decision, and the only one discussed by counsel on either side, may be thus stated: At the time the appellant moved the court for leave to dismiss this cause, was he entitled to such dismissal as a matter of legal right?

When this suit was instituted, and during its pendency in the circuit court, the amended drainage law of March 8th, 1883 (Acts 1883, p. 173, et seq.), and sections 4273, 4279, 4281 and 4283, R. S. 1881, were in force and governed the case. Some of the provisions of section 3 of the amended act of March 8th, 1883, we think, are applicable to the question we are considering, and these we quote as follows: "Upon the making of such report to the court, ten days shall be allowed to any owner of lands affected by the work proposed to remonstrate against the report, and any such remonstrance shall be verified by affidavit and may be for any or all of the following causes:" specifying nine different causes. We quote again: "If the finding be in support of the remonstrance (on the seventh or eighth causes) above enumerated, the proceedings shall be dismissed." We quote further from the same section: "If there be no remonstrance, * * * the court shall make an order declaring the proposed

work established, and approving the assessments, and shall direct some one of the commissioners to construct and make the proposed work."

There is no provision of our drainage statutes which authorizes the petitioner for a drain to dismiss his cause at any time, of his own motion. Appellant's counsel concede this, but they say, and correctly so we think, that "some at least of the provisions of the code are applicable to drainage proceedings." *Neff* v. *Reed*, 98 Ind. 341. Counsel cite and rely upon the *first* clause of section 333, R. S. 1881, which provides that a plaintiff may dismiss his suit, without prejudice, before the jury retires, or, if the trial is by the court, at any time before the finding of the court is announced. On the other hand, it is claimed by appellee's counsel that the report of the commissioners of drainage is to be regarded as a verdict, and they cite several cases from our own reports, where it was held that the report of commissioners in partition would stand as a verdict until set aside for cause shown. *Lucas* v. *Peters*, 45 Ind. 313; *Kern* v. *Maginniss*, 55 Ind. 459; *Clark* v. *Stephenson*, 73 Ind. 489.

There is such a wide difference between the report of commissioners for partition and that of drainage commissioners, that the cases cited by counsel can not be regarded as in point here. In partition cases, the commissioners' report generally comes in after the litigation is ended and the rights of the parties determined; while in drainage cases, the commissioners' report, as a rule, is the foundation of the litigation.

We are of opinion that in drainage cases the modes of procedure and the rules of practice prescribed by the civil code may properly be used to supply omissions in the drainage statutes. We think, also, that section 333, *supra*, should be held applicable to drainage cases, and that, under the provisions of such section, the petitioner for a drain may dismiss his case and withdraw his petition, if his motion to that end be made at the proper time. The difficult question in the case, of course, is to determine what is the proper time. What

we are required to decide in the cause before us is, whether or not the appellant was entitled to a dismissal of the case at the time he made his motion. When the report of the commissioners of drainage was filed, the statute and the court, as we have seen, allowed ten days to any owner of lands affected by the work proposed, to remonstrate against such report. Doubtless, within those ten days, as an owner of lands affected by the proposed work, the appellant might have remonstrated against the report of the drainage commissioners, and, perhaps, during the same time, he might have successfully moved the court for leave to dismiss the cause and withdraw his petition, though this point we need not and do not decide.

But the ten days given by the statute and court were allowed to elapse, and within that time no remonstrance was filed, nor was any other action asked for, had or taken in the case by the appellant or any of the appellees. The cause was then ready for final judgment, and, under the statute, as we have seen, it was then the imperative duty of the court to make an order declaring the proposed work established and approving the assessments, and to direct some one of the commissioners to construct and make the proposed work. After the lapse of the period allowed by the statute for filing remonstrances against the commissioners' report, we have held that it was then too late for any owner of lands affected by the work proposed to remonstrate against such report. *Hays v. Tippy*, 91 Ind. 102. So, we think, it must be held in the case in hand, that after the lapse of such statutory period, without remonstrance or other objection, and when the cause is ready for final order and judgment, it is then too late for the petitioner to obtain leave of the court to dismiss his case and withdraw his petition.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Filed Jan. 9, 1886.