## ROBSON ET AL. *v.* RICHEY ET AL.

[No. 20,001.   Filed January 13, 1903. ]

COUNTY COMMISSIONERS.—*Vacating Order Establishing Highway.*—The statute which grants all the power possessed by the board of county commissioners does not confer upon such board authority to annul or modify a judgment or grant a new trial; and where the board of .commissioners has made an order establishing a highway, and such order has been recorded, it has no power to vacate ,it, either at the same or subsequent term. *pp. 660-662.*

SAME.—*Appeal.*—An appeal from the decision of the board of commissioners must be taken within thirty days. *p. 663.*

From Knox Circuit Court;  *O. H. Cobb,* Judge.

From a judgment dismissing an appeal from the order of the board of commissioners establishing a highway, Henry Robson and others appeal.   Transferred from Appellate Court, under §1337u Burns 1901.   *Affirmed.*

*J. T. Goodman, B. M. Willoughby, J. M. House, W. H. De Wolf* and *E. H. De Wolf,* for appellants.

*W. A. Cullop* and *G. W. Shaw,* for appellees.

HADLEY, C. J.—At the October term, 1899, of the board of commissioners of Knox county, appellees filed their petition for the establishment of a highway.   Viewers were appointed who reported that the proposed highway would be of public utility.   Upon appellants' remonstrance, claiming damages, reviewers were appointed who reported December 5, 1899, that appellants would be damaged in the sum of $100.   Whereupon appellants filed their petition for an order setting aside the reviewers' report, and for the appointment of other reviewers to assess their damages.   Before action upon this latter petition, appellants, by their attorney, dismissed the same, and thereupon, on said December 5, 1899, the commissioners entered a final order establishing said highway, and ordering it opened upon the payment of said $100 damages to appellants.   December 22, 1899, appel-

lants filed in the auditor's office their appeal bond, reciting
therein their appeal to the circuit court from a judgment
of the commissioners dated December 5, 1899, and on July
16, 1900, filed their appeal in the Knox Circuit Court.
December 17, 1900, on motion of appellees, the court dis-
missed the appeal, and directed that the cause be certified
back to the commissioners.   December 24, 1900, appellants
filed before the commissioners their petition "to set aside
and vacate the order of the board dismissing the remon-
strance of Henry and Mary Robson, appellants, and order-
ing said highway established and opened;" and the same
being submitted to the board on January 8, 1901, it then
ordered that said order of dismissal, and for the establish-
ing and opening of said highway made December 5, 1899,
"be set aside and vacated, and it is now further ordered that
the highway as petitioned for, and described on page," etc.,
"is hereby established and ordered opened."   January 24,
1901, appellants filed in the auditor's office their second
appeal bond, reciting in the bond that they had appealed
to the circuit court from a judgment rendered by the board
on the 8th day of January, 1901.   January 31, 1901, the
second appeal was filed in the Knox Circuit Court, the
transcript of which was identical with the first, to and in-
cluding the final order for the location and opening of the
highway, entered December 5, 1899, and on March 25,
1901, upon appellees' motion the court again dismissed the
appeal.   From this latter judgment this appeal is prose-
cuted, and the only error assigned is the action of the court
in dismissing the appeal.

Attention is directed to the fact that after the dismissal
of the first appeal by the circuit court on December 17,
1900, appellants reappeared before the commissioners, and
on December 24, 1900, filed their petition for an order
setting aside and vacating the final order that had been by
them unsuccessfully appealed from, and for the entry of
another, omitting and eliminating therefrom the order dis-

missing appellants' remonstrance. The claim of appellants being that the order dismissing their remonstrance was never in fact made, and was by the mistake and inadvertence of the auditor written into the final order without authority from the commissioners so to do.

We are unable to perceive any theory upon which this appeal may be sustained. The application for a reformation of the judgment was made more than a year after the judgment had been entered. In its defective form, it had been appealed from and treated by the parties and the circuit court as *prima facie* a valid judgment. So far as appears, its integrity was never assailed or questioned until the appeal therefrom had been dismissed from the circuit court. It is very clear that after the final order had been made and recorded the commissioners had no power to vacate it, either at the same or subsequent term, even though they afterwards became convinced that it was wrong. The statute which grants all the power they have, does not confer upon boards of commissioners authority to annul or modify a judgment it has rendered, or to grant a new trial; and, however erroneous such judgment or final order may be, the only remedy is by appeal. *Badger* v. *Merry,* 139 Ind. 631, and cases cited.

Appellants' insistence is that notwithstanding the limited power of the commissioners, the board at all times had power to make its judgment speak the truth. In this they claim that the final order was not recorded by the auditor as it was rendered by the court, and that the order of January 8, 1901, reforming the final order of December 5, 1899, only eliminated what the auditor put in without authority, and was therefore no part of the judgment of the court. Conceding, without deciding, that the board had the power to strike out of its former judgment unauthorized and extraneous matter, and thus establish a correct and true record of its judgment, even this view would not avail appellants, because their appeal is from what purports to be

a final order entered January 8, 1901, and not from the final order as it was in fact rendered December 5, 1899. Upon either theory this appeal must fail, (1) because the action of the board taken on January 8, 1901, was void as a final order establishing the highway (see authorities above cited) ; and (2) it can not be sustained as an appeal from the alleged corrected final order of December 5, 1899, because not taken within thirty days from the rendition thereof. §§7859, 7860 Burns 1901.

Judgment affirmed.