BOARD OF COMMISSIONERS OF THE COUNTY OF MARION

*v.* STEELE ET AL.

[No. 15,794. Filed December 15, 1936.]

*John F. Linder* and *Carl Seet,* for appellant.

*Cook & Walker* and *Samuel J. Offutt,* for appellees.

KIME, J.—On April 14, 1930, the appellees, Steele, McCord and Evans, filed a petition under §6169 Burns Supp. 1929, being Acts of 1929, ch. 188, p. 603, to repair and improve a public drain located in the west part of Hancock County and the east part of Marion County. The commissioners, appointed, as by law required, filed their report that the drain as petitioned for be had and following that remonstrances were filed by the Board of Commissioners of the County of Marion and by one William G. Newhouse. The petitioners then filed a motion to have the appellant Board of Commissioners' objection to said petition stricken out. This motion was sustained, to which the appellant excepted. Following this a trial was had in the Hancock Circuit Court and judgment rendered to the effect that the improvement and repair as petitioned for and recommended by the drainage commissioners be approved and confirmed and the assessments as therein made approved.

Appellant's motion for new trial was overruled on February 22, 1936, on which date the appeal was prayed and granted. The error assigned was that the court erred in striking out appellant's objections and in overruling the motion for new trial.

On April 22, 1936, the appellants filed with the trial court a petition for an extension of time within which to file the transcript in this court, which petition was granted by the judge of the trial court. The transcript was filed on June 19, 1936, within the extended time.

The appellees, Steele, McCord and Evans, have filed a motion to dismiss the appeal, contending that the transcript was not filed within sixty days after the appeal was granted by the trial court as the drainage statute requires, and further that the trial court had no authority to extend the time for filing the transcript

beyond the sixty-day period provided by the drainage statute.

The statute governing appeals in drainage proceedings is §17, ch. 264 of the Act of 1933, §27-117 Burns 1933 (§5753 Baldwin's 1934), which became the law March 11, 1933, and is as follows:

> "The order of the court approving and confirming the assessments, and declaring the proposed work of drainage established shall be final and conclusive, unless an appeal therefrom be taken from the action of the board of county commissioners, if filed therein, on the report of the surveyor to either the circuit or superior court of the county, within thirty days: conditioned that appellant shall file bond to pay all costs in the event of an adverse decision. An appeal may be taken from the final judgment of the circuit or superior court to either the supreme or appellate court of Indiana, within thirty days. A transcript of the record of such appeals and all bills of exceptions shall be filed in the office of the clerk of the supreme or appellate court within sixty days after the filing of the appeal bond. All parties shall take notice of and be bound by any such appeal, and all proceedings in the matter of such drainage shall be stayed until its determination. After said appeal shall be determined, such drainage proceedings shall be referred back to the court of original jurisdiction with orders to proceed in accordance with such judgment on appeal."

Chapter 46 of the Acts of 1936, p. 132, provides that certain governmental units including counties can appeal without bond.

The appellants contend that while an action under the drainage act is a special proceeding and not ordinarily governed by the general statutes relating to civil procedure in certain situations resort may be had to such statutes to supplement the drainage acts. And more specifically that since the drainage act does not provide for an extension of time to file a transcript of the record that

the trial court may resort to the general civil code to provide the relief necessary in such circumstances.

In every case we have been able to discover relating to drainage, the courts have consistently held and reiterated that all actions under the drainage acts are special proceedings. It is elemental that there can be no appeal in this state unless specifically given by statute. Actions provided by this act were authorized by the legislative branch of the government for certain well defined and definitely expressed purposes. A reading of the statute shows very clearly that the legislators believed they were making it as nearly all inclusive as humanly possible. It is evident that they were attempting to avoid some of the delays encountered in the general statutes relating to civil procedure. The drainage act and its predecessors have been many times before the reviewing courts of this state, and the rule has come to be well established that where the act provides a method, the statute relating to civil procedure can not and will not be resorted to in an effort to extend or to limit the special proceeding.

It is only where the drainage act is silent and does not specifically provide a guide that the statute relating to civil procedure will be resorted to for assistance. But here the statute is mandatory, clear and specific. The identical language has been used throughout many revisions of the drainage act. The General Assembly has said specifically each time that *"A transcript of the record of such appeals and all bills of exceptions shall be filed in the office of the clerk of the supreme or appellate court within sixty days."* (Our italics.) The same legislature which revised the drainage act in 1881 revised the general civil procedure acts and specifically provided therein for extensions of time under certain conditions. It must be assumed that there was no intention to allow such extension in pro-

ceedings under the drainage act since the time was so specifically designated.

The drainage act is specific as to the time in which a transcript can be filed and hence there is no necessity to resort to other statutes for aid.

If this creates a hardship we cannot by judicial interpretation grant relief. The lawmaking branch of our state government has prescribed when and how an appeal can be taken and we are not at liberty to rewrite the statute.

The following cases in many instances individually and beyond all doubt collectively sustain the result here reached. *Cole* v. *Wilson* (1880), 70 Ind. 179; *Hays* v. *Tippy et al.* (1883), 91 Ind. 102; *Dukes* v. *Working et al.* (1883), 93 Ind. 503; *Morgan Civil Twp.* v. *Hunt* (1885), 104 Ind. 47, 3 N. E. 401; *Cume* v. *Wilson* (1885), 104 Ind. 583, 4 N. E. 169; *The Chicago & Atlantic Ry. Co.* v. *Summers* (1887), 113 Ind. 10, 14 N. E. 733; *Hart* v. *Scott* (1907), 168 Ind. 530, 81 N. E. 481; *Clarkson* v. *Wood* (1907), 168 Ind. 582, 81 N. E. 572; *Campbell* v. *Fichter* (1907), 168 Ind. 645, 81 N. E. 661; *Karr* v. *Board, etc.* (1908), 170 Ind. 571, 85 N. E. 1; *Shaum* v. *Harrington* (1909), 173 Ind. 613, 91 N. E. 230; *Prough* v. *Prough* (1909), 174 Ind. 57, 91 N. E. 337; *Amacher* v. *Johnson* (1910), 174 Ind. 249, 91 N. E. 928; *Stockton* v. *Yoeman* (1912), 179 Ind. 61, 100 N. E. 2; *Shields* v. *Pyles* (1913), 180 Ind. 71, 99 N. E. 742; *Jefferson Hotel Co.* v. *Young* (1918), 70 Ind. App. 172, 121 N. E. 94; *Brady* v. *Garrison* (1912), 178 Ind. 459, 99 N. E. 738; *State of Indiana ex rel.* v. *Leathers, Judge* (1925), 197 Ind. 97, 149 N. E. 900.

The transcript not having been filed within sixty days as provided by law, we have no jurisdiction other than to say that we have none. Appeal dismissed.