### THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* SCHULER ET AL.

[No. 26,143. Filed February 10, 1937.]

*Walter S. Bent, F. L. Littleton, Forrest Chenoweth, S. W. Baxter, H. N. Quigley* and *Charles B. Stewart,* for appellant.

*D. F. Brooks,* for appellee.

ROLL, J.—This was a proceeding brought by appellee and others in the Wabash Circuit Court for the improvement and repair of a public drain. The original

proceedings to establish the ditch sought to be repaired were filed in, and established by, the Wabash Circuit Court. Appellant was one of the parties named in the petition as one whose lands would be affected by the proposed repair.

Immediately after the petition herein was filed, the clerk of the Wabash Circuit Court referred the matter to the county surveyor under an entry reading as follows:

"I hereby refer the foregoing petition to Herman D. Hartman, County Surveyor of Wabash County, and a competent engineer and disinterested in this case.

JOHN S. FINKENBINER, Clerk."

Afterwards the said county surveyor filed his report, with specifications for the repair of said ditch, and designating the various places along the ditch where certain repairs were to be made, directing that certain number of broken tile be replaced, and at other points that the broken tile be replaced and covered with earth to a specified depth. Other modifications in the construction were specified and a description of the lands to be benefited were described and the names of the owners were set out and the amount of special benefits each parcel of real estate described would be benefited. The total cost of the proposed work was $641.00.

Appellant filed its remonstrance to the proposed work on the ground that its land, to wit, its right of way, would not be benefited to the extent of the assessment against the same as set out in the report, and second, that the lands of certain other persons named were too low according to the benefits to be received by them, and a description of such lands is set out in the remonstrance.

Appellant filed a motion to dismiss the proceeding for want of jurisdiction of the Wabash Circuit Court, and for the further reason that the statute, §6169 Burns

R. S. 1926, provides that all proceedings for drainage filed in the circuit court requires the court, when remonstrances are disposed of, to make an order referring the proceedings to the drainage commissioners, and that they shall make a report. This motion was overruled.

Appellant filed a motion to strike out the report of the engineer, or county surveyor, for the reason that the surveyor alone was without power to make a report and that such a report is without statutory authority. The court overruled this motion.

Appellant's remonstrance was submitted to the court for trial and the court found against the remonstrance and approved the report filed, approved the assessments therein made, and established the ditch and appointed a commissioner to construct the same. Proper exceptions were reserved upon the court's several rulings above mentioned.

Appellant filed his motion for a new trial, and the court took it under advisement for almost two years, and then overruled the same. At the time appellant's motion for a new trial was overruled it prayed an appeal to the Supreme Court, time was allowed to file bill of exceptions, appeal bond fixed and the surety thereon named and approved. The appeal bond was filed fifteen days thereafter and the transcript with assignment of error was filed with the clerk of this court fifty-six days after the appeal bond was filed.

Appellee filed a motion to dismiss the appeal for the reason that the transcript was not filed in this court for more than two years after the date the judgment herein was rendered. The statute, §6174 Burns R. S. 1926, provides:

"... The order of the court approving and confirming the assessments and declaring the proposed work of drainage established shall be final and conclusive, unless an appeal therefrom to the

Supreme Court be taken and an appeal bond filed within thirty days, to the approval of the court or the clerk in vacation. A transcript of the record on such appeal and all bills of exceptions shall be filed in the office of the clerk of the Supreme Court within sixty days after the filing of the appeal bond."

This appeal should be dismissed unless appellant's motion for a new trial had the effect of carrying forward the date of the judgment to the date of the ruling on the motion for a new trial.

It seems to be the settled law in Indiana that where a judgment is rendered and a motion for a new trial is filed, as provided by law, the judgment is not final for the purpose of an appeal until the motion is overruled. *Pittsburgh, etc., R. Co.* v. *Kearns* (1920), 191 Ind. 1, 128 N. E. 42. In this case the court said (p. 6):

"The filing of a motion to modify a judgment suspends and postpones the finality of the judgment until the motion to modify is overruled. It has been repeatedly held by this court that such is the effect of a motion for a new trial. The reason stated is that a motion for a new trial seasonably filed is a direct attack upon the judgment itself. The avoidance of appeals is good policy; hence until the trial court has had an opportunity to consider and rule upon asserted errors underlying, or in, its judgment, an appeal should not be taken; and to permit such consideration this court has announced that a motion for a new trial prevents the judgment from becoming final; and has held that the statute limiting the time for appeal does not apply while the judgment, thus suspended, is not final."

See also *Wools* v. *Reberger* (1932), 95 Ind. App. 1, 182 N. E. 93. While the drainage statute does not provide specifically for a motion for a new trial, §6174 Burns R. S. 1926 does provide for a hearing or trial by the court to determine the facts set forth in the remonstrance. Sec. 6181 Burns R. S. 1926 provides in part as follows:

"The rules of practice and procedure . . . shall, so far as applicable, apply to the proceedings herein, and resort shall be made to the general code for any deficiencies in such procedure. . . ."

In *Karr* v. *Board, etc.* (1908), 170 Ind. 571, 581, 85 N. E. 1, the court said:

"In the absence of any provision of the drainage act to the contrary, we may properly resort to the general procedure provided for the government of the courts wherein such jurisdiction is vested."

See also *Shields* v. *Pyles* (1913), 180 Ind. 71, 99 N. E. 742; *Hart* v. *Scott* (1907), 168 Ind. 530, 81 N. E. 481; *Crume* v. *Wilson* (1886), 104 Ind. 583, 4 N. E. 169. In *Neff* v. *Reed* (1884), 98 Ind. 341, 345, the court said:

"Having had occasion to examine this question with special reference to the practice in similar cases, our conclusion now is that as to questions of fact tried upon issues raised by remonstrances to the report of the commissioners of drainage, a motion for a new trial is allowable, as in ordinary cases."

It thus appears that under the authorities, appellant had the right to file a motion for a new trial, and that the judgment of the court establishing the ditch was not such a final judgment from which an appeal could be taken until appellant's motion for a new trial was ruled upon, and that the date of the judgment was carried forward to that date. The filing of the motion for a new trial had the effect of suspending and postponing finality of the judgment for the purpose of appeal until the motion is overruled. We therefore conclude that appellant has properly perfected his appeal and appellee's motion to dismiss was properly overruled.

Appellant, under his points and authorities, states as his first proposition, that the court erred in overruling its motion to dismiss the proceedings for want of judisdiction, contending that the sole jurisdiction of proceedings of this character is in the

board of county commissioners of Wabash county. We do not think so. The record shows that the repairs sought to be made was to a portion of what was known as the W. H. Sharp ditch. That the W. H. Sharp ditch was originally established by the Wabash Circuit Court, and not by the board of commissioners of Wabash county. It seems to be clear that the petition herein was drawn under the provisions of §6196 Burns' Ind. St. Supp. 1929, which provides that:

> "Such petition shall be filed in the office of the clerk of the circuit or superior court, or before the board of county commissioners, as the case may be, under the provisions hereof, of the county in which the original petition was filed and proceedings had for the construction of such public drain."

As stated above, the original proceeding to establish the W. H. Sharp ditch was filed in and established by the circuit court of Wabash County, and as the petition herein alleged that said W. H. Sharp ditch or at least a part of it was out of repair, and by reason thereof was not sufficient to properly perform the drainage for which it was designed and intended and that by making the repairs necessary, the ditch would then accomplish the purpose for which it was intended, and would properly drain the lands affected, shows that the petition was properly filed in the circuit court of Wabash county, and that said court had jurisdiction to hear and determine the same. The court properly overruled appellant's motion to dismiss the proceedings for want of jurisdiction.

Appellant next contends that the court erred in overruling his motion to strike out the report filed by the county surveyor. Section 6196, *supra,* further provides that:

> ". . . and the provisions of section 3 of this act relative to notice and hearing thereof and remonstrances thereto, and the reference of such petition to the drainage commissioners for construction, report and other proceedings, shall, so far as ap-

plicable, conform and apply to the proceedings in this section specified for the repair, change or extension of any such drain."

The section three above referred to provides that if there be no remonstrance filed and the court deems the petition sufficient, the court shall make an order referring the matter to the drainage commissioners above provided for. Section one of the act (Acts 1907, p. 508) provides that the board of county commissioners shall appoint one drainage commissioner and that the county surveyor shall be, *ex officio,* a drainage commissioner, and section three of the above acts provided that when the court makes the order referring the matter to the drainage commissioners, he shall appoint a third drainage commissioner, who shall qualify before entering upon his duties by taking an oath that he will faithfully and honestly perform his duties. This section also provides for filling vacancies should any occur, or in the event any of the drainage commissioners refuse to act. It also provides that in the order referring the matter to the drainage commissioners, the court shall fix a time and place for the meeting of said commissioners, and a time when they shall report, and provides that they shall meet accordingly. The act sets forth the duties of such commissioners, and what they shall do in the event they shall determine certain things, such as whether the proposed drain is practicable, or whether, when established, it will improve the public health, or benefit the public highways, or be of public utility, and whether the costs, damages and expenses of effecting the drainage will be less than the benefits to the owners of the land likely to be benefited by the proposed drainage. If they find certain things to exist they shall proceed to determine the best and cheapest method, determine the location and character, etc., estimate the cost, assess the benefits or damages to each separate tract of land. The act further pro-

vides that any two of such commissioners may act without the presence or concurrence of the third.

The court in the instant case made no order at all referring the matter to the drainage commissioners and no time was therefore fixed for the commissioners to make their report. No report by the drainage commissioners was ever filed. There was filed what purported to be a report by the county surveyor, but under the statute the county surveyor, as such, has no connection with making a drainage report. Only the drainage commissioners can do this. When he acts as a drainage commissioner he is not acting as the county surveyor. The report filed herein was not, as far as the record shows, signed by anyone, neither was it verified. The plain provisions of the statute defining the duties of the drainage commissioners requires the judgment and sense of at least two of such commissioners before a valid report can be filed. There is nowhere any statute, as far as our investigation has revealed and counsel has pointed out none, that authorizes a report in a drainage proceeding, such as this, to be made and filed by the county surveyor alone. There is no statutory authority for such a report, and in our judgment the report filed herein had no more legal standing than a similar report made by any other engineer or by any private individual. We conclude the court should have sustained appellant's motion to strike out the purported report of the county surveyor.

The questions presented by appellant's motion for a new trial in all probability would not be presented in the proceeding again and for that reason we deem it unnecessary to discuss them in this opinion.

Judgment reversed with instructions to sustain appellant's motion to strike out the pretended report filed by the county surveyor and for further proceedings not inconsistent with this opinion.