STATE EX REL. BARNER ET AL. *v.* WHITE CIRCUIT COURT, ELWOOD, SPECIAL JUDGE, ETC.

[No. 29,533. Filed January 14, 1958.]

444

*Charles M. Sands,* of Rensselaer, and *F. L. Wiltrout,* of Elkhart, for petitioners.

*Douglas Elwood, pro se, Fred Schwanke,* of Monticello, and *Joseph T. Ives,* of Delphi, for respondent.

ACHOR, J.—The petitioners in this action filed remonstrances against a petition filed in the White Circuit Court for the establishment and construction of a public drain pursuant to the provisions of Acts 1933, ch. 264 (as amended) (being §§27-101—27-155 inclusive, Burns' 1948 Repl.), commonly known as the Drainage Act. A trial was had and the court entered its findings and judgment assessing the costs and ordering the construction of the drain. Thereafter the remonstrators (petitioners herein) filed a motion for a

new trial, to which motion a motion to strike was filed on the ground that a motion for new trial was not contemplated by Acts 1933, *supra,* which is the basis of these proceedings. The court sustained the motion to strike.

These petitioners then petitioned this court for an alternative writ of mandate to compel the respondent to reinstate and rule upon their motion for a new trial on the grounds that a ruling on the merits of that motion was necessary before an appeal could be taken to this court. As authority for this position petitioners cite the case of *C., C., C. & St. L. R. R. Co.* v. *Schuler* (1937), 211 Ind. 172, 176, 5 N. E. 2d 975.

Respondent has made return in defense of the action of the trial court on the following grounds:

(1) That the decree in issue is not a judgment which disposed of all the issues in the case, but is more in the nature of an interlocutory order to which a motion for new trial may not be addressed.

(2) That proceedings under the Drainage Act are special statutory proceedings which do not provide for and therefore do not permit the filing of and ruling upon a motion for new trial, with judgment entered thereon.

(3) That the sustaining of the motion to strike the motion for new trial had the effect of overruling that motion and, therefore, even though the ruling was in error, petitioners' remedy was by appeal and not by writ of mandate.

We will consider these issues in the above order:

First, if the finding and judgment here before us, which assessed the costs and ordered the construction

of the ditch, was merely an interlocutory order, ██ a motion for new trial could not be addressed to it. *Goldsmith et al.* v. *City of Indianapolis et al.* (1935), 208 Ind. 465, 196 N. E. 525. However, the decree was more than a mere interlocutory order. It finally adjudicated all rights and obligations (including court costs) as between the parties and ordered the work done. In fact, nothing remained to be done but to receive and approve the final report of the surveyor showing the work completed. The decree was "final," except as to the filing and approval of reports ancillary thereto, and the right of appeal. See: *Perkins* v. *Hayward* (1892), 132 Ind. 95, 31 N. E. 670; *Robson* v. *Richey* (1903), 159 Ind. 660, 65 N. E. 1032; *Plew* v. *Jones* (1905), 165 Ind. 21, 74 N. E. 618; *Broerman* v. *Spilker* (1915), 183 Ind. 88, 108 N. E. 226. Therefore, a motion for new trial addressed to the judgment was proper unless prohibited by the Drainage Act itself.

Second, since the Drainage Act is a special statutory proceeding which does not expressly provide for the filing of a motion for new trial, is the filing of such a motion a nullity? The pertinent part of the statute relating to appeals provides:

> ". . . An appeal may be taken from the final judgment of the circuit or superior court to either the Supreme or Appellate Court of Indiana, within thirty [30] days. A transcript of the record of such appeals and all bills of exceptions shall be filed in the office of the clerk of the Supreme or Appellate Court within sixty [60] days after the filing of the appeal bond. . . ." (§27-117.)

In support of his construction of the above statute respondent relies upon the case of *Board of Comm. Marion County* v. *Steele* (1936), 103 Ind. App. 51, 54-55, 5 N. E. 2d 135. A proper construction of that

case requires that we quote therefrom at length, as follows:

"In every case we have been able to discover relating to drainage, the courts have consistently held and reiterated that all actions under the drainage acts are special proceedings. It is elemental that there can be no appeal in this state unless specifically given by statute. Actions provided by this act were authorized by the legislative branch of the government for certain well defined and definitely expressed purposes. A reading of the statute shows very clearly that the legislators believed they were making it as nearly all inclusive as humanly possible. It is evidence that they were attempting to avoid some of the delays encountered in the general statutes relating to civil procedure. The drainage act and its predecessors have been many times before the reviewing courts of this state, and the rule has come to be well established that where the act provides a method, the statute relating to civil procedure can not and will not be resorted to in an effort to extend or to limit the special proceeding.

It is only where the drainage act is silent and does not specifically provide a guide that the statute relating to civil procedure will be resorted to for assistance. But here the statute is mandatory, clear and specific. . . . The General Assembly has said specifically . . . 'A *transcript of the record* of such appeals and all bills of exceptions *shall be filed* in the office of the clerk of the supreme and appellate court *within sixty days.*' (Our italics.) The same legislature which revised the drainage act in 1881 revised the general civil procedure acts and specifically provided therein for extensions of time under certain conditions. It must be assumed that there was no intention to allow such extension in proceedings under the drainage act since the time was so specifically designated.

"The drainage act is specific as to the time in which a transcript can be filed and hence there is no necessity to resort to other statutes for aid. . . . The lawmaking branch of our state government has prescribed when and how an appeal can

be taken and we are not at liberty to rewrite the statute."

The error of the Steele case, *supra*, stems from the erroneous premise stated therein that "It is elemental that there can be no appeal in this state unless ■ specifically given by statute." The law has since been clearly stated to the contrary in the case of *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399. Furthermore, the ruling of the Steele case, *supra*, which categorically denied any right to an extension of time in which to prepare a transcript preparatory to appeal on the ground that the statute did not so provide, has since been nullified by Acts 1937, ch. 6, §2, p. 39 (being §2-4721, Burns' 1946 Repl.). This statute expressly empowers this court, upon petition therefor, to grant such extensions of time where the delay is caused by the inability of an official act. In any event the Appellate Court in that case did not consider the question here before us. On the contrary, in that case here relied upon by respondent, the parties and the court accepted as proper the very procedure which respondent would here deny petitioners. The error assigned and relied upon as cause for appeal in that case was the "overruling of the motion for new trial."

Furthermore, we note that less than two months after the Steele case, *supra*, was decided by the Appellate Court, this court was called upon to decide ■ the same question that is now before us. In *C., C., C. & St. L. R. R. Co.* v. *Schuler, supra* (1937), 211 Ind. 172, 174-175, 176, 5 N. E. 2d 975, this court stated:

"... The statute, §6174, Burns' R. S. 1926, provides:

'. . . The order of the court approving and confirming the assessments and declaring the proposed work of drainage established shall be final and conclusive, unless an appeal therefrom to the Supreme Court be taken and an appeal bond filed within thirty days, to the approval of the court or the clerk in vacation. . . .'

"It thus appears that under the authorities, appellant had the right to file a motion for a new trial, and that the judgment of the court establishing the ditch *was not such a final judgment from which an appeal could be taken until appellant's motion for a new trial was ruled upon, . . .*" (Our italics.)

However, respondent contends that the law of the Schuler case, *supra,* has been changed by the Drainage Act of 1933 (as amended in 1945 and now in effect), and that under the present law (as amended) a motion for new trial is clearly not contemplated or authorized. In support of this position, respondent cites the fact that at the time of the Schuler case, *supra,* §6181 Burns' R. S. 1926 of the Drainage Act specifically provided that,

"The rules of practice, and procedure, . . . shall, so far as applicable, apply to the proceedings herein and resort shall be made to the general code for any deficiencies in such procedure. . . ." (Acts 1920 (Spec. Sess.), ch. 22, §7, p. 65.)

Respondent also relies upon the fact that the above provision of the statute is cited in the Schuler case, *supra,* in support of that decision. And, finally, respondent cites the fact that this section of the act was omitted from the Drainage Act of 1933 (as amended in 1945) and now controlling of these proceedings. Respondent contends that this omission evidences a positive intention on the part of the legislature to deny an appellant the right of a motion for new trial prior

to appeal, as provided in the general code of practice and procedure.

However, when the legislature re-enacted the drainage law in 1933, it also had before it the cases of *Karr* v. *Board, etc.* (1908), 170 Ind. 571, 581, 85 N. E. 1, and *Neff et al.* v. *Reed* (1884), 98 Ind. 341, 345, which were decided by this court prior to and therefore independent of the enactment of §6181, *supra.* In the Karr case, *supra,* this court stated:

> ". . . In the absence of any provision of the drainage act to the contrary, we may properly resort to the general procedure provided for the government of the courts wherein such jurisdiction is vested. . . ."

In the earlier case of Neff, *supra,* this court stated:

> "Having had occasion to examine this question . . . our conclusion now is that as to questions of fact tried upon issues raised by remonstrances to the report of the commissioners of drainage, a motion for a new trial is allowable, as in ordinary cases. . . ." See also, *Crume* v. *Wilson et al.* (1886), 104 Ind. 583, 4 N. E. 169.

Therefore, we may reasonably conclude that when the legislature re-enacted the Drainage Law in 1933, it considered §6181, Burns' R. S. 1926, *supra,* as mere surplusage and for that reason omitted it from the statute.

The rule announced in the foregoing cases is consistent with the basic policy of the law that, in the absence of clear legislative intent to the contrary, litigants should not be required or permitted to resort to the appellate courts of the state in order to correct errors of law occurring in

the trial of cases, without first specifically presenting such errors to the trial court for reconsideration and correction prior to appeal. In the absence of a clear legislative intent to the contrary, litigants should not be required to incur the expense and delay of appeal without such opportunity, nor should the appellate tribunals of the state be burdened with the review of litigated cases until the specific errors complained of have first been reviewed by the trial court.

More recently in the case of *Pullin et al.* v. *Arnold et al.* (1954), 234 Ind. 13, 15, 122 N. E. 2d 858, this court reaffirmed the policy of the law regarding the use of the rules of civil practice in special statutory proceedings by stating:

"In special statutory proceedings like this, 'the rules of civil practice prevail, except when it is otherwise provided, or when they are plainly inapplicable. *Hedrick* v. *Hedrick*, 55 Ind. 78; *Goodwin* v. *Smith*, 72 Ind. 113; *Stoddard* v. *Johnson*, 75 Ind. 20; *Stockwell* v. *Brant*, 97 Ind. 474; *Crume* v. *Wilson*, 104 Ind. 583; *Robertson* v. *State ex rel.*, 109 Ind. 79.' . . ."

The Drainage Act does not indicate any clear legislative intent to dispense with or deny the filing of a motion for a new trial. We conclude therefore that the filing of the motion for new trial was proper and necessary to the prosecution of an appeal in these proceedings. It therefore follows that the striking of the motion for new trial in this case, on the ground that "said pleading is neither proper nor permissible"[1] was error.

---

1. The motion to strike the motion for new trial is as follows: "The petitioners move to strike out the Motion for New Trial filed herein by the remonstrators, Carl W. Watson and Vera F. Watson, husband and wife, and Bloice B. Barner, for the reason that said pleading is neither proper nor permissible under the statutes governing proceedings for the establishment of public drains in the state of Indiana."

Next we consider respondent's final contention that even though it was error to strike the motion for a new trial, petitioners' remedy is by appeal and not by writ of mandate. In support of this position respondent cites the case of *Cirtin* v. *Cirtin* (1928), 87 Ind. App. 457, 461, 161 N. E. 709, in which the Appellate Court held that although the court erred in sustaining appellee's motion to strike out the motion for a new trial, the action was equivalent to overruling the motion for new trial. Therefore, respondent asserts that a ruling on the motion for new trial upon the merits thereof was not such a duty, the performance of which could be compelled by writ of mandate. Rather, respondent asserts that the petitioners' remedy if any by reason of the error, was by appeal.

The issue thus presented requires a re-examination of both the related cases and of the basic principles involved. The opinion in the Cirtin case, *supra,* contains no discussion or reason in support of the decision, but relies upon a decision of this court in the case of *Long et al.* v. *Ruch et al.* (1897), 148 Ind. 74, 77, 47 N. E. 156, wherein this court stated:

> "The motion to strike out or from the files the motion to set aside the judgments was not a proper motion, and ought not to have been entertained by the court. But the court having entertained and sustained it was tantamount to overruling the motion to set aside the judgments. *Blemel* v. *Shattuck,* 133 Ind. 498, and authorities there cited; *Lang* v. *Superior Court,* 71 Cal. 491, 12 Pac. 306."

However, the facts in the Long case, *supra,* and the case at bar are clearly distinguishable. In the Long case the pleading in issue was denominated as a "motion to set aside and vacate two certain judgments" in a drainage proceeding. However, the court considered

the motion as a "complaint or motion" to set aside the judgments by "collateral attack upon the judgments." This leaves considerable doubt as to the true nature of the original "motion." In any event as far as it appears from the case as reported, the motion to strike served the function of a demurrer and challenged the sufficiency of the "complaint or motion" to state a cause of action, which pleading the trial court considered upon its merits. This is in direct contrast with the facts presented in the case at bar. In this case the court erroneously considered the motion for new trial to be "neither proper or permissible" and therefore *refused to give the issue presented therein any consideration.* We therefore conclude that the precedent of neither the Long case, *supra,* by this court, nor the Cirtin case, *supra,* by the Appellate Court is controlling of the issue before us.

Third, we proceed to consider the question as to whether a writ of mandate is available to petitioners under the circumstances of this case. The general rule upon this subject has been stated as follows: "The court may be compelled to hear and dispose of an application for a new trial, provided it is made in time, and is otherwise in conformity with applications of this character. A refusal to do so is a denial of justice, and an appeal is not an adequate remedy. . . ." 55 C. J. S., Mandate and Prohibition, §96, p. 155.

Our statute which authorizes writs of mandate and prohibition provides as follows, in part:

". . . Writs of mandate and prohibition may issue out of the Supreme and Appellate Courts of this state in aid of the appellate powers and functions of said courts respectively. Such writs of mandate may issue out of the Supreme Court to the circuit, superior, criminal, probate, juvenile

or municipal courts of this state, respectively, compelling the performance of any duty enjoined by law upon such . . . courts. . . ." §3-2201, Burns' 1946 Repl. (1957 Supp.) (Acts 1933, ch. 102, §1, p. 688; 1955, ch. 253, §1, p. 647.)

A motion for new trial is a statutory proceedings. The statute enumerates the specific causes for which a motion for new trial may be granted (§2-2401, Burns' 1946 Repl.). It further stipulates the time during which the motion may be filed (§2-2403, Burns' 1946 Repl.). If the proceedings are such that a motion for new trial is contemplated and if the motion is timely filed and is in proper form and content, it is the duty of the trial court to consider and rule upon the motion upon its merits.

Under the circumstances presented, it was the duty of the trial court to consider the motion for new trial upon its merits. The duty is enjoined by law. The action itself is not subject to the discretion of the court. Therefore, petitioners were entitled to compel the performance of the duty by writ of mandate.

The case of *Cirtin* v. *Cirtin, supra,* 87 Ind. App. 457, is disapproved insofar as it is in conflict with this opinion.

For the reasons herein stated the writ of mandamus is made absolute.

Emmert, C. J., Arterburn, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 147 N. E. 2d 10.