W. G. RANDALL ET AL. v. NATHANIEL W. BURTIS ET AL.

(Case No. 3537.)

1. JUDGMENT FROM ANOTHER STATE — HOW CERTIFIED.— A transcript of a judgment, which recites that it was rendered on a trial before a named justice at a circuit court in the city of New York, in January, 1873, attested in January, 1874, by a different person, styling himself "justice of the supreme court of the state of New York," does not appear to be attested by the judge of the court in which the judgment was rendered, and is not properly certified under the act of congress.
2. SAME.— If it appeared that the circuit and supreme courts were the same, the inference from the facts is, that there was more than one justice of that court, and the certificate is defective in that it does not purport to be that of the chief justice or presiding magistrate.

APPEAL from McLennan. Tried below before the Hon. X. B. Saunders.

Suit by appellants, as assignees of a judgment claimed to have been rendered in the supreme court of the state of New York. The transcript offered in evidence was excluded. It commences as follows:

"The People of the State of New York. By the grace of God free and independent. To all to whom these presents shall come or may concern, greeting:

"Know ye, that we having examined the records and files in the office of the clerk of the county of New York and clerk of the supreme court of said state for said county, do find a certain judgment roll there remaining in the words and figures following, to wit."

Then follows all the proceedings in order, including the judgment and clerk's certificate. The judge's certificate begins as follows:

"I, Abraham R. Laurence, justice of the supreme court of the state of New York *for the city and* county of New York."

*Herring, Anderson & Kelley*, for appellants.

*Flint & Graham*, for appellee Butler.

WATTS, J. COM. APP.— Only one question is presented by the record in this case for determination, and that is, did the court err in excluding from the jury the certified transcript from the supreme court of New York?

The judgment recites that the cause was tried before Justice Van Brunt, at a circuit court held at the court-house in the city of New York on the 24th day of January, 1873. The certificate is by "Abraham R. Laurence, justice of the supreme court of the state of New York for the city and county of New York," and bears date January 15, 1874.

In support of the ruling appellees claim that it does not appear from the certificate, or otherwise, that Laurence was the justice of the "circuit court" in which the judgment was rendered, nor that he was the sole justice of the supreme court of the state for the city and county of New York. We cannot take judicial knowledge of the laws of the state of New York, or look to the statutes of the same for information as to its judiciary system and the organization of its courts. Bradshaw *v.* Mayfield, 18 Tex., 28; Stephenson *v.* Bannister, 3 Bibb (Ky.), 371; Bennett *v.* Bennett, Deady, 309.

The act of congress requires the attestation of the clerk and the seal of the court annexed, together with a "certificate of the judge, chief justice or presiding magistrate, as the case may be."

As was said by Chief Justice Hemphill in Harper *v.* Nichol, 13 Tex., 161, "The certificates of the clerk and judge must show that they are the clerk and the judge of the court in which the judgment was rendered."

There is nothing in the certificates or transcript from which it could be inferred that the "circuit court" and the "supreme court" are the same, or that the justice of the supreme court was also justice or judge of the circuit court. Nor is it shown, in any way, how the judgment roll found its way from the circuit into the supreme court. It does not appear that Abraham R. Laurence was the judge of the court in which the judgment was rendered, and it is not shown that the records of the "circuit court" have been legally transferred to, and become part of, the records of the supreme court.

Again, if we could assume that the "circuit court" and the "supreme court" were the same, then it appears that the judgment was rendered by Justice Van Brunt, whereas the certificate was made by

Justice Laurence. This would raise the inference that there was more than one justice of that court, and hence no certificate except that of the chief justice or presiding magistrate would be in compliance with the act of congress. Van Storch *v.* Griffin, 71 Pa. St., 240; Kirkland *v.* Smith, 7 Martin (La.), 252. And it would seem that this conclusion ought to be considered as deriving additional strength by reason of the omission of the article "the" before the word justice, as occurs in the certificate.

The certified transcript of the judgment having been properly excluded as evidence, that offered as to the assignment of the judgment to appellants was immaterial and correctly excluded.

We conclude that there is no error in the judgment, and it ought to be affirmed.

AFFIRMED.

[Opinion delivered June 20, 1882.]