**Neysa BEST, Appellant,**

v.

**Donald C. BEST, Appellee.**

No. 7195.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 22, 1959.

Tom N. Cope, Atlanta, for appellant.

Robert F. Salmon, Linden, for appellee.

DAVIS, Justice.

Appellee, Donald C. Best, filed a petition for habeas corpus in the District Court of Cass County against appellant, Neysa Best, pertaining to the temporary custody of Diana Jean Best and Sonya May Best. The petition was filed May 6, 1959, and a writ was issued to appellant to produce the children before the judge on June 6, 1959. Appellee's petition was based solely upon a temporary order entered by a Court of Common Pleas of Franklin County, Ohio, Division of Domestic Relations. It might well be said here that a former divorce decree was entered by said Ohio court in which Donald C. Best was plaintiff and Neysa Best was defendant. From the record in this case, Neysa Best and the two children were residents of the State of Texas at the time the divorce was granted. This gave the Ohio court jurisdiction to grant the divorce, but did not confer jurisdiction to grant any custody of the children to any one.

On the application for temporary custody of the children in the Ohio court, the appellant in this case was served with notice of this action by registered mail. The trial

court in Cass County, Texas, based his trial and action solely upon the action of the Ohio court. His action was error because the Ohio court had no authority or jurisdiction over the children whatever. Much has been said and much will be said in the future relative to such cases. There is an article in Baylor Law Review, Vol. 11, No. 3, Summer 1959, beginning on page 340, in which this very issue was discussed. In the article it was pointed out that Article 4639c of the Vernon's Annotated Texas Revised Civil Statutes has been enacted. When the physical being of a child is in another state than that in which the divorce suit is pending, the judge of the divorce case has no jurisdiction over the child. Even if a foreign court claims to have the issue of custody before it and actually passes on the issue, this does not preclude a subsequent suit in Texas for the custody and support of the children. Evans v. Taylor, Tex.Civ.App., 128 S.W.2d 77, n. w. h.; Oldham v. Oldham, Tex.Civ.App., 135 S.W.2d 564, wr. ref.; Goldsmith v. Salkey, Tex.Civ.App., 115 S.W.2d 778, wr. ref.

Upon a trial of the case appellant offered in evidence a certified copy of the order of temporary custody in the Ohio court. Appellee objected to the admission of the order because it was not certified to as required by the Act of Congress. Appellee then attempted to prove by the appellee himself that the copy of the order introduced was a true and correct copy of the order that was entered in Ohio. The order was still objected to, but the trial court admitted it in evidence. This leaves the order without proof of its entry, and the appellant has perfected her appeal upon the question of the admissibility of the order of the Ohio court. She cites only Title 28, Sec. 687 of the U.S.Code * and Randall v. Burtis, 57 Tex. 362, and Mauritz v. Schwind, Tex.Civ.App., 101 S.W.2d 1085, wr. dis., in support of her appeal. But we have decided that the District Court of

Cass County did not have jurisdiction of the petition for a writ of habeas corpus in this case. He did have jurisdiction of the appellant's cross-action and no action whatever was taken on the cross-action. Therefore, the judgment of the trial court is set aside and the petition for writ of habeas corpus is dismissed; and the cause of action on the cross-action is remanded to the trial court for disposition.

Dismissed in part and remanded in part.