STATE EX REL. WELTY *v.* ALLEN SUPERIOR
COURT No. 2, KORN, JUDGE.

[No. 30,305. Filed November 1, 1962.]

*R. E. Leonard,* of Fort Wayne, for relator.

*Kennerk, Dumas & Burke,* and *J. K. Dumas,* of Fort Wayne, for respondents.

ACHOR, J.—This is an original action wherein relator seeks a writ of mandate directing the respondent to grant a change of venue in a certain cause of action entitled: Robert E. Welty v. Mabel Welty, Lloyd S. Hartzler, and Donald Welty, the same being Cause No. 17641, in the Allen Superior Court No. 2.

The action above identified is a suit to contest the last will and testament of Scudder G. Welty. The defendants Welty and Hartzler filed answers to the complaint on August 10, 1961. Issues were closed on October 23, 1961 by the default of the defendant Donald Welty.

Thereafter, on November 1, 1961 the relator filed his motion for change of venue from the county, which motion was as follows: "Comes plaintiff by counsel and moves that the venue of this cause of action be changed to another county."

Thereafter, on November 6, defendant Hartzler filed an objection to the motion for change of venue, "for the reason that said Motion does not state any of the statutory grounds for a Change of Venue from Allen County, Indiana."

Thereafter, on November 13, an amended motion for change of venue from the county was filed which stated the ordinary statutory grounds for such change, but did not state any reason for its belated filing, as required by Rule 1-12B of this court.

Thereafter, on January 11, 1962, the court overruled the objections to the motion for change of venue and granted said change. On the same date the defendant Hartzler filed a motion requesting the court to reconsider the ruling on the motion for change of venue and to strike the same.

Thereafter, on January 22, relator filed a motion to strike said motion to reconsider, which motion was grounded upon the following two reasons:

First, that the defendant Hartzler was the only defendant to oppose the granting of the motion for a change of venue from the county and, therefore, that the granting of the change of venue was effective as to other defendants who did not resist such change, and, therefore, that the order granting the change was effective as to all the parties, including the defendant Hartzler.

Secondly, relator asserts that he was not served with a copy of the motion of defendant Hartzler to reconsider the granting of a motion for change of venue and, therefore, that the proceedings based thereon were a nullity.

Thereafter, on February 6, 1962, after first having heard oral argument and having taken the matter under advisement, the court denied relator's motion to strike defendant Hartzler's motion to reconsider, and the court vacated its prior order granting the change of venue, and sustained the objections of the defendant Hartzler to said motion for change of venue, and denied the motion for change of venue filed by the plaintiff, relator herein.

This court issued a temporary writ.

Relator, in support of his petition for writ of mandate, asserts that, "once the motion for change of venue was granted . . . the court had concluded its judicial action," and had no further jurisdiction in the matter except to perfect the change of venue. Later in his brief, however, relator asserts that the court could not vacate its order and reverse its action with respect to the change of venue except for "a good substantial reason," and that "none was alleged in

the motion to reconsider . . . or given in the court's order of reversal in the previous order granting a change of venue." Furthermore, relator contends that even though the motion for change of venue, as originally filed, was defective, the amended pleading speaks of and relates back to the time the original pleading was filed, thus bringing it within Rule 1-12B, which requires that motions for change of venue be filed within 10 days after the issues are first closed.

The right to change of venue is not absolute but must be taken in accordance with the applicable statutes and rules of court governing the same. *State ex rel. Goins and Logston* v. *Sommer, J., etc.* (1959), 239 Ind. 296, 156 N. E. 2d 885.

Relator's first position in the matter is not tenable. Since relator's motion for change of venue, as originally filed, stated *no* ground upon which to sustain the motion, it was a complete nullity. *State ex rel. Young* v. *Niblack* (1951), 229 Ind. 509, 99 N. E. 2d 252; *State ex rel. Blood et al.* v. *Gibson Circuit Ct.* (1959), 239 Ind. 394, 157 N. E. 2d 475. Because the motion was fatally defective, it was sufficient that the defendant Hartzler objected to the change without being joined therein by the other defendants. The fact that they did not object thereto did not give it validity.

The second or "amended" motion for change of venue was filed after the prescribed ten day period and it, failing to state any of the prerequisite grounds for its belated filing, was properly denied under Rule 1-12B of this court. *State ex rel. Kielpikowski* v. *Murray, Judge, etc.* (1960), 240 Ind. 222, 163 N. E. 2d 597.

We next consider the validity of the court's action in vacating its order granting the change of venue.

The filing of motions to reconsider rulings of the court is not a procedure recognized by either the statutes or rules of this court and is not a procedure to be encouraged. Nevertheless, the court upon its own motion and upon its discretion may, within the term of court, reconsider its action with respect to any pleading and vacate such orders as are considered to have been erroneously made. *State ex rel.* v. *Superior Court of Marion County* (1931), 202 Ind. 456, 174 N. E. 732.

The fact that the "motion" above referred to was not served upon the relator, as required by Rule 1-16 of this court, was not jurisdictional, but may have justified an extension of time by the relator under the circumstances of this case. *State ex rel. Lake County, etc.* v. *Lake Sup. Ct.* (1959), 239 Ind. 652, 159 N. E. 2d 849.

We conclude, therefore, that the respondent court had authority to vacate its order granting the change of venue, since such order was based upon an invalid motion, and the action of the court occurred during the same term, and prior to the investment of jurisdiction in said cause in any other court.

The temporary writ of mandate heretofore issued is ordered vacated and the permanent writ of mandate herein sought is denied.

Arterburn, C. J., Bobbitt and Landis, JJ., concur.

Jackson, J., dissents.

Note.—Reported in 185 N. E. 2d 617.