STATE EX REL. CONRAD ET AL. *v.* HENDRICKS
CIRCUIT COURT, GROOVER, JUGDE.

[No. 31,107. Filed November 21, 1967.]

*Arch N. Bobbitt, Ruckelshaus, Bobbitt & O'Connor, C. Wendell Martin, Bredell, Martin & McTurnan,* of Indianapolis, for relators.

*Frank R. Ryan, Ryan & Lind,* of Danville, *Edward J. Erpelding, Easley, Tipton & Erpelding,* of Indianapolis, for respondents.

PER CURIAM.—The relators have filed in this court a petition for a writ of mandate requesting a writ of mandate be issued against respondents herein, mandating the overruling of the motion to strike out the relators' motion for a new trial entitled "Howard Tomlinson, b/n/f Harriet C. Craft v. Martin L. Conrad, Opal G. Conrad and Tommy Ray Byington" in Cause No. C64-18 of Hendricks Circuit Court and commanding respondents to rule on the motion for a new trial. An alter-

native writ of mandate was issued by the Chief Justice on the 30th day of January, 1967.

This cause came about as the result of a verdict rendered against the relators on October 27, 1966, in the amount of $100,000.00, and on said date the Hendricks Circuit Court rendered judgment against them. On November 22, 1966, the relators filed their motion for a new trial in the Hendricks Circuit Court and on the same day a copy of the motion was served on one of plaintiff's counsel, Easley, Tipton & Erpelding, Indianapolis, Indiana, together with a notice of the filing of the motion, and which was supported by affidavits. Notice was not served on Frank Ryan of the firm of Ryan & Lind, Danville, Indiana, one of the attorneys for the plaintiff, Howard Tomlinson et al, until December 6, 1966.

On December 5, 1966, the plaintiff Howard Tomlinson filed a motion to strike defendant's motion for a new trial with supporting affidavits and defendant's notice of motion for a new trial, as well as filing a motion for evidentiary hearing and a motion for extension of time to file counter-affidavits. On the same day the court extended the time for filing by the plaintiff of his counter-affidavits. On December 8, 1966, the relators, by their attorneys, filed their verified motion to plaintiff's motion to strike defendant's motion for a new trial. On December 9, 1966, the plaintiff filed a verified reply to defendant's verified answer. On January 27, 1967, the court took up the hearing in consideration of the plaintiff's motion to strike the relator's motion for a new trial and sustained the same. On January 30, 1967, the relators filed a motion to reconsider which on the same date the Hendricks Circuit Court overruled.

The pertinent rules of the Indiana Supreme Court involved are Rule 1-14, which requires that a motion for a new trial be filed within 30 days after the verdict of the jury, and Rule 1-15 which, in part, states that when a motion for a new trial is supported by affidavits, notice of the filing thereof shall be

served upon the opposing party or his attorneys of record within 10 days after the filing thereof.

Rule 3 of the Hendricks Circuit Court says:

> "Upon the filing of any pleading subsequent to the filing of the original action, a copy of said pleading (including amended complaints, briefs and motions) shall be served upon opposing counsel for each party or upon the party himself if he has appeared pro se."

It is the contention of the respondents that Supreme Court Rule 1-15 is jurisdictional. While there appears to be no Indiana cases dealing with Rule 1-15 this court has held under Rule 1-16 which states service shall be made upon "each attorney or firm of attorneys appearing of record for each adverse party," and Rule 1-15 states in effect that notice of filing "shall be served upon the opposing parties or their attorneys of record; that such provisions are directory only and are not jurisdictional." In the case of *State ex rel Lake County* v. *Lake Superior Court* 239 Ind. 652, 159 N. E. 2d 849 (1959) the trial court had struck out a motion for a new trial for the reason that the adverse attorney had not received a copy of the motion within the 30 day period. On an original action in this court for a writ of mandate to require the trial court to rule on the motion for a new trial the court stated at page 655:

> "The nature of the subject matter would seem to dictate that a party who has failed to receive a copy of a pleading, as contemplated by the rule, could, by rule of court, require the service of a copy thereof as a proper step in the expeditious handling of the case. It does not seem that the rule should be construed to effect a circumstance whereby the mere filing of an affidavit regarding facts not personally known to the affiant, the court and opposing party should be denied further jurisdiction of the cause. Based upon this reasoning, it would seem that since the motion for new trial was actually filed with the court and a duplicate copy thereof had been served upon the plaintiffs the striking of the motion for a new trial was an act which exceeded the authority of the court. Here a relator filed a timely motion for new trial. He was entitled, as a matter of law, to have that motion ruled upon according to the merits of the issues as-

serted therein. *State ex rel. Barner et al* v. *White Cir. Ct. et al.* (1958), 237 Ind. 443, 455, 147 N. E. 2d 10.

"Secondly, the relator asserts that he has no adequate remedy by appeal for the reason that the sole issue which he desires to present on appeal is the overruling of his motion for a new trial. With this motion stricken, no issue remains which can be the basis of appeal. In this position we concur."

In the case of *State ex rel Welty* v. *Allen Superior Court*, 243 Ind. 378, 185 N. E. 2d 617 (1962), the court held at page 383:

"The fact that the 'motion' above referred to was not served upon the relator, as required by Rule 1-16 of this court, was not jurisdictional, but may have justified an extension of time by the relator under the circumstances of this case. *State ex rel Lake County, etc.* v. *Lake Sup. Ct.* 239 Ind. 642, 159 N. E. 2d 849, (1959)."

Under the circumstances presented it was the duty of the trial court to consider the motion for a new trial upon its merits. No adequate remedy by appeal is presented when the issue relator desires to present on appeal is the overruling of his motion for a new trial which motion has been stricken since with this motion stricken no issue remains which can be the basis of an appeal.

For the reasons herein stated the alternative writ of mandate is made permanent.

NOTE.—Reported in 231 N. E. 2d 145.