### No. 27770

**Gayle Denise Young v. The District Court of the County of Boulder in the 20th Judicial District, State of Colorado, and the Honorable Horace B. Holmes, one of the Judges thereof**

(570 P.2d 249)

Decided October 11, 1977.                    Rehearing denied October 31, 1977.

Williams, Trine and Greenstein, P.C., J. Conard Metcalf, for petitioner.

Moore & Keatley, Brendan G. Moore, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.


This is an original proceeding under C.A.R. 21, in which petitioner seeks relief in the nature of prohibition and mandamus from an order of the Boulder District Court. We issued our rule to show cause why the order of temporary custody should not be vacated, which we now make absolute.

On June 4, 1976, the Circuit Court for the County of Monroe, Michigan, dissolved the marriage of petitioner Gayle Denise Young and Dennis Roy Young. Custody of the two minor children of this marriage was given to their mother. These children are E., born February 22, 1971, and R., born April 1, 1975.

In December 1976, the father removed E. from Michigan without the knowledge or consent of petitioner. The father took E. to Boulder, Colorado. R. has remained with his mother in Michigan.

On April 4, 1977, the petitioner filed a "Petition for Enforcement of Custody Order and for Contempt Citation" in the Boulder District Court pursuant to the Uniform Child Custody Jurisdiction Act, 14-13-101, *et seq.*, C.R.S. 1973. The petitioner sought the return of E. to her and an award of statutory travel expenses and attorney's fees, and requested that the father be held in contempt of court.

On July 18, 1977, the respondent court conducted a hearing on the petition. At the hearing, only the mother and the father testified.

At the conclusion of the hearing, the district court made a finding that E. was in "bad circumstances in Michigan" and "apparently doing well here." This finding was based almost totally upon hearsay statements of the father, who claimed to be relating statements made to him by the child.

Based upon this finding, the respondent court ordered that temporary custody of E. be granted to the father pending the institution and disposition of an action in Michigan for a modification of the Michigan custody decree. The father was ordered to furnish evidence to the respondent court within 30 days that such an action had been filed. The mother was granted visitation rights, attorney fees and travel expenses.

Petitioner contends that the district court lacked jurisdiction to enter this order granting temporary custody of E. to the father.

The Uniform Child Custody Jurisdiction Act, article 13 of title 14, C.R.S. 1973, governs this case. As we said in *Fry v. Ball*, 190 Colo. 128, 544 P.2d 402, 405 (1975), "[t]he underlying policy of the Act is to prevent the desperate shifting from state to state of thousands of innocent children by interested parties seeking to gain custody rights in one state even

though denied those rights by decree of another state."

All parties to this action concede that pursuant to the Uniform Act, the Michigan court is the proper court to consider a modification of the custody decree entered by the Circuit Court of Monroe County, Michigan, on June 4, 1976. The respondent district court, while conceding the jurisdiction of the Michigan court, ordered a temporary change of custody based on the doctrine of *parens patriae.*

While this court has in the past concluded that it is proper for a Colorado court to permit a temporary change of custody pending a determination by the courts of another state as to whether a modification of the custody decree should be granted, it has never reached such a conclusion on such self-serving evidence as was presented in this case.

In *Fry v. Ball, supra,* this court permitted a temporary change of custody pending a determination of custody modification by a California court. An important factor in permitting that temporary change of custody was the testimony of a psychologist.

In the pre-Uniform Act case of *Wilson v. Wilson,* 172 Colo. 566, 474 P.2d 789 (1970), the court upheld a change of custody based on the *parens patriae* doctrine, notwithstanding the child's domicile elsewhere and the existence of otherwise valid custody orders from another state. The test set forth in that case was that the court could exercise *parens patriae* jurisdiction where an emergency situation existed concerning the immediate needs and welfare of the child.

In this case there is only the unsupported and generally disputed testimony of the father that the child was in bad circumstances in Michigan. There was not even any allegation that an emergency situation existed. To allow even a temporary change of custody based on such evidence is to subvert the policies of the Uniform Act by encouraging and rewarding "child snatching."

The rule is made absolute.

MR. JUSTICE LEE does not participate.