STATE of Indiana on the relation of Erma Jean MARCRUM, Relator,

v.

The MARION COUNTY SUPERIOR COURT, CIVIL DIVISION, ROOM NO. 5, and the Honorable Steven H. Frank, as Special Judge of said Court, Respondents.

No. 1079S299.

Supreme Court of Indiana.

April 21, 1980.

Charles R. Sheeks, Hildedag, Johnson, Secrest & Murphy, Indianapolis, for relator.

Gregory F. Hahn and William T. Rosenbaum, Dillon, Hardamon & Cohen, Indianapolis, for respondents.

HUNTER, Justice.

Relator, Erma Jean Marcrum, has filed with this Court a Petition for Alternative Writ of Mandate and Writ of Prohibition, pursuant to Ind.R.O.A.(B), asking this Court to prohibit respondent court from exercising further jurisdiction in cause No. S579–0843 and to mandate respondent court to expunge various orders from the record

in said cause. On October 29, 1979, this Court granted a temporary writ. Said writ is now made permanent.

The marriage of relator and James Alex Marcrum was dissolved on January 31, 1977, in the Harris County, Texas 312th Judicial Court. Relator was awarded custody of their two minor children. The father, James Marcrum, subsequently moved to Indiana. On September 7, 1978, Mr. Marcrum filed a Motion to Modify in Suit Affecting the Parent-Child Relationship in that Texas court. On June 1, 1979, the two minor children came to Indiana to visit their father. On June 28, 1979, James Marcrum filed for and obtained temporary custody of the children in respondent court. On September 25, 1979, The Honorable Steven. H. Frank, Special Judge, granted permanent custody of the children to James Marcrum. In the interim, the Texas court dismissed the modification action before it on motion of Mr. Marcrum on August 10, 1979. On August 20, 1979, Judge Frank communicated with the Harris County, Texas court and was informed that there was no custody proceeding regarding these children pending before it.

The above facts give rise to the following issues:

1. Whether respondent court has exercised jurisdiction in this case in contravention of Ind.Code § 31–1–11.6–6 (Burns Supp.1979); and

2. Whether respondent court has exercised jurisdiction in this case in contravention of Ind.Code §§ 31–1–11.6–8 and 14 (Burns Supp.1979).

In 1977, Indiana adopted the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.). Indiana's version of the U.C.C.J.A. has been codified as Ind.Code § 31–1–11.6–1 et seq. (Burns Supp.1979) (hereinafter referred to as "the Act"). Owing to the recent adoption of this statute, there is very little case law authority or judicial interpretation in this state. See Campbell v. Campbell, (1979) Ind.App., 388 N.E.2d 607, (in which the Court of Appeals remanded the cause to the trial court because that court failed to even consider, let alone comply with the provisions of the Act), and In Re Lemond, (1979) Ind.App., 395 N.E.2d 1287 (in which a petition to transfer is pending before this Court). Consequently, we will look to the jurisprudence of other states which have adopted the U.C.C.J.A. as well as commentaries relating to the uniform act.

Jurisdictional criteria under the Act are outlined in Section 3. James Marcrum's allegations in his petition before respondent court purport to invoke the jurisdiction of the Indiana court under Subsections (a)(2) and (a)(3) of Section 3 of the Act. Relator's challenge to respondent court's jurisdiction is not based on Section 3 criteria.

Nevertheless, it does appear that a Section 3 attack may have been appropriate in this case. Section 3(a)(2) of the Act provides that a court of this state has jurisdiction to make a custody determination by initial or modification decree if:

"It is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one [1] contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; . . . ." Ind.Code § 31–1–11.6–3(a)(2) (Burns Supp.1979).

The children's "significant connection" with Indiana in this instance is suspect. The children resided in Texas, and under the Texas decree were only to visit their Indiana father on every other weekend (a seeming impracticality), for one week over the Christmas holidays and for four weeks during the summer. Subject matter jurisdiction in a child custody determination should not be grounded on the mere presence of the child in this state without regard to the parents' understanding, and indeed the court decree's language, as to the duration of that presence. In Re Sagan, (1978) 261 Pa.Super. 384, 396 A.2d 450. (This case was not decided under the U.C.C.J.A., but the Court noted that that statute had been recently enacted in Pennsylvania and that the result would be the same under its provisions.)

Section 3(a)(3) of the Act provides for jurisdiction when:

"The child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; . . . ." Ind. Code § 31–1–11.6–3(a)(3) (Burns Supp. 1979).

The only jurisdictional prerequisite under this subsection is presence of the child in this state. However:

"When there is child neglect without emergency or abandonment, jurisdiction cannot be based on this paragraph." National Conference of Commissioners on Uniform State Laws, Note to U.C.C.J.A. § 3 (1968), 9 U.L.A. 123, 124 (1979).

We have no evidence before us indicating abandonment or an emergency, and we note that the father's self-serving statements alone are not sufficient to confer jurisdiction under this provision. *Young v. District Court,* (1977) 194 Colo. 140, 570 P.2d 249. But because we do not have a certified trial court record before us, and because these issues are not specifically argued before us, we will defer to respondents' implicit judgment regarding jurisdiction under Section 3 of the Act.

We now turn to relator's jurisdictional challenge based on the prior and concurrent proceedings in Texas.

## I.

Ind.Code § 31–1–11.6–6 (Burns Supp. 1979) reads:

"(a) A court of this state shall not exercise its jurisdiction under this chapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this chapter, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.

"(b) Before hearing the petition in a custody proceeding the court shall examine the pleadings and other information supplied by the parties under section 9 of this chapter and shall consult the child custody registry established under section 16 of this chapter concerning the pendency of proceedings with respect to the child in other states. If the court has reason to believe that proceedings may be pending in another state it shall direct an inquiry to the state court administrator or other appropriate official of the other state.

"(c) If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with sections 19 through 22 of this chapter. If a court of this state has made a custody decree before being informed of a pending proceeding in a court of another state it shall immediately inform that court of the fact. If the court is informed that a proceeding was commenced in another state after it assumed jurisdiction it shall likewise inform the other court to the end that the issues may be litigated in the more appropriate forum."

The evidence is undisputed that, at the time of the filing of the action in respondent court, a custody proceeding concerning the two Marcrum children was pending in the Harris County, Texas 312th Judicial Court. The issues we must determine are (a) whether the Texas court exercised jurisdiction substantially in conformity with the Act; and (b) whether the proceeding in the Texas court had, in effect, been stayed because the respondent court was the more appropriate forum or for other reasons.

(a)

If a proceeding concerning the custody of a child is pending in another state, but not in substantial conformity

with the U.C.C.J.A., an Indiana court may assume jurisdiction notwithstanding the pending foreign proceeding. *Williams v. Zacher*, (1978) 35 Or.App. 129, 581 P.2d 91. Respondents argue that the courts of Texas do not exercise jurisdiction in child custody matters in substantial conformity with the U.C.C.J.A. because of the law in Texas as stated in *Best v. Best*, (1959) Tex.Civ.App., 331 S.W.2d 364. In the *Best* case, the Court of Civil Appeals held that an Ohio court did not have jurisdiction to grant custody of children to the father when both the mother and children were residents of Texas. The Court in *Best* did not, as respondents suggest, hold that jurisdiction in custody matters lies *only* in states where the children reside. Absent some "significant connection" with the state of Ohio, the *Best* decision would be proper under our law. Ind.Code § 31–1–11.6–14 (Burns Supp.1979).

Regardless of whether the decision in *Best v. Best, supra,* is in substantial compliance with the U.C.C.J.A., the case gives no indication of the manner in which the Harris County, Texas court exercised jurisdiction in the custody modification proceeding pending before it in 1978 and 1979.

> "The Act is not a reciprocal law. It can be put into full operation by each individual state regardless of enactment of other states." National Conference of Commissioners on Uniform State Laws, Prefatory Note to U.C.C.J.A. (1968), 9 U.L.A. 111, 114 (1979).

The relevant inquiry is not whether Texas's recognition of other states' decrees is substantially in compliance with the U.C.C.J.A., but whether Texas courts *exercise jurisdiction* substantially in conformity with the U.C.C.J.A. Our statute calls for recognition of an out-of-state custody decree "which was made under factual circumstances meeting the jurisdictional standards" of this Act. Ind.Code § 31–1–11.6–13 (Burns Supp.1979). See *McDonald v. McDonald*, (1977) 74 Mich.App. 119, 253 N.W.2d 678.

Relator, a resident of Texas, had been awarded custody of her two children in a Texas divorce decree and thereafter those children resided in Texas. We find the requisite connections with Texas to justify jurisdiction in that forum under Ind.Code § 31–1–11.6–3(a)(2) (Burns Supp.1979). In 1979, the Harris County, Texas court exercised jurisdiction substantially in conformity with our Act.

(b)

Respondents argue that the Texas proceeding had been stayed before the Indiana court granted permanent custody to the father. On August 20, 1979, respondent judge contacted the 312th Judicial Court of Texas and was informed that there was no action pending concerning the Marcrum children in that court. The Texas proceeding had been dismissed pursuant to a motion by the petitioner in that case, James Marcrum.

Respondents must show that the Texas proceeding was stayed by that court "because this state is a more appropriate forum or for other reasons." Ind.Code § 31–1–11.6–6(a) (Burns Supp.1979). The Texas proceeding was dismissed, not stayed. The action of the Texas court was in response to the father's motion and not based on its determination that Indiana was the more appropriate forum. If there was a determination of a more appropriate forum, it was James Marcrum's, not the court's.

Putting aside technical distinctions between a stay and a dismissal, we will look to whether respondent court's interpretation of Section 6 of the Act in this case serves the purposes of the Act which were stated as follows in Ind.Code § 31–1–11.6–1(a) (Burns Supp.1979):

> "The general purposes of this law are to:
> "(1) Avoid jurisdictional competition and conflict with courts of other states in matter of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;
> "(2) Promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child;

"(3) Assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state;

"(4) Discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child;

"(5) Deter abductions and other unilateral removals of children undertaken to obtain custody awards;

"(6) Avoid re-litigation of custody decisions of other states in this state insofar as feasible;

"(7) Facilitate the enforcement of custody decrees of other states; and

"(8) Promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child."

The statute directs us to construe Section 6 to promote these purposes. Ind.Code § 31–1–11.6–1(b) (Burns Supp.1979).

Jurisdiction competition and conflict and the shifting of children from state to state are primarily the result of forum shopping and "childnapping" on the part of individuals who are unwilling to accept the judgment of a court. See National Conference of Commissioners on Uniform State Laws, Prefatory Note to U.C.C.J.A. (1968), 9 U.L.A. 111–114 (1979). Discouraging forum shopping is one of the primary purposes of the U.C.C.J.A. *Fernandez v. Rodriguez*, (1978) 97 Misc.2d 353, 411 N.Y.S. 134; *Matter of Marriage of Settle*, (1976) 25 Or.App. 579, 550 P.2d 445, reversed on other grounds 276 Or. 759, 556 P.2d 962.

At the time James Marcrum filed his motion to dismiss in Harris County, Texas, he had already filed a custody suit in Marion County, Indiana. Mr. Marcrum's change of heart regarding the more appropriate forum seems less motivated by a concern for the best interests of the children and the needs of justice than by the temporary advantage he gained by having the children in Indiana on a visit. We find that the dismissal of the Texas suit was the result of forum shopping. Indiana will not tolerate this kind of circumvention of her statutes.

We must note, however, that the jurisdictional claim of respondent court in this case differs substantially from that of the Texas court. There has already been a decree determining custody of the Marcrum children. That decree was made in the Harris County, Texas court in 1977. We do not have two concurrent proceedings originally deciding custody of these children. Section 6 of the Act does not appear to be the proper statutory authority under which this case should be determined.

"Once a custody decree has been rendered in one state, jurisdiction is determined by sections 8 and 14." National Conference of Commissioners on Uniform State Laws, Note to U.C.C.J.A. § 6 (1968), 9 U.L.A. 134, 135 (1979).

II.

▆ Determinations under Section 8 of the Act are largely discretionary with the trial court. *Nelson v. District Court*, (1974) 186 Colo. 381, 527 P.2d 811. That section provides in relevant part:

"(a) If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances.

"(b) Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other pro-

vision of a custody decree of another state the court may decline to exercise its jurisdiction if this is just and proper under the circumstances." Ind.Code § 31–1–11.6–8 (Burns Supp.1979).

The father's actions in respondent court and the Texas court present a scenario of questionable conduct at best. Technically, at the time he invoked the jurisdiction of the Indiana court, Mr. Marcrum had legal custody of the children under the four-week visitation provision of the prior Texas decree. But this action came after his efforts to modify the decree in Texas failed to bear fruit after five months. Nevertheless, a writ of mandate is an extraordinary remedy and will only apply where the lower court has failed to act in fact of a clear legal duty, *State ex rel. Bicanic v. Lake Circuit Court,* (1973) 260 Ind. 73, 292 N.E.2d 596, and a writ of prohibition lies only to confine a trial court to its lawful jurisdiction, *State ex rel. Shorter v. Allen Superior Ct.,* (1973) 155 Ind.App. 269, 292 N.E.2d 286. Therefore, we will not dwell on respondent court's discretionary determinations under Section 8 of the Act.

Section 14, on the other hand, is a mandatory jurisdictional provision.

"(a) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless (1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter or has declined to assume jurisdiction to modify the decree and (2) the court of this state has jurisdiction." Ind.Code § 31–1–11.6–14(a) (Burns Supp.1979).

We have noted above that Texas has jurisdiction under the jurisdictional prerequisites of Section 3. The Texas court has not declined to assume jurisdiction to modify its custody decree. Mr. Marcrum withdrew his modification action from the court which rendered the decree in Texas and, therefore, that court had no call to assume jurisdiction.

We believe that Section 14 of the Act dictates that respondent court refrain from modification of the Texas custody decree.

"The underlying policy of the Act is to prevent the desperate shifting from state to state of thousands of innocent children by interested parties seeking to gain custody rights in one state even though denied those rights by the decree of another state. The provisions of the Act seek 'to eliminate jurisdictional fishing with children as bait.' *Wheeler v. District Court,* 186 Colo. 218, 526 P.2d 658 (1974)." *Fry v. Ball,* (1975) 190 Colo. 128, 131, 544 P.2d 402, 405.

Under Section 14 of the Act, Indiana must refrain from modifying the custody decree of another state which had jurisdiction at the time of the decree and has continuing jurisdiction at the time the action to modify is filed in this state. *Fry v. Ball, supra.* Texas courts retain jurisdiction over their child custody decrees. Tex.Family Code Ann. § 11.05 (Vernon Supp.1980).

Pursuant to the above analysis under Sections 6 and 14 of the Act we find respondent court lacked jurisdiction in Marion Superior Court cause No. S579–0843. The alternative writ is made permanent. Respondents are hereby prohibited from exercising further jurisdiction or any further action to enforce the orders entered in said cause. Respondents are hereby mandated to expunge from the records of said cause the orders of June 25, 1979, September 28, 1979, and all other orders affecting custody of the Marcrum children.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

As pointed out by the majority Judge Frank granted permanent custody to James Marcrum on September 25, 1979. This original action was commenced thereafter, and the writ requested should be denied because petitioner has failed to demonstrate in what manner her remedy by way of appeal from that final order is unavailable or inadequate. *State ex rel. Conrad v. Hendricks*

*Circuit Court,* (1967) 249 Ind. 141, 231 N.E.2d 145; *State ex rel. Barner v. White Circuit Court,* (1958) 237 Ind. 443, 147 N.E.2d 10.

Petitioner's jurisdictional claim before this Court on its merits is predicated upon Ind.Code § 31–1–11.6–6, which provides:

"(a) A court of this state shall not exercise its jurisdiction under this chapter if *at the time of filing* the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this chapter, *unless the proceeding is stayed* by the court of the other state because this state is a more appropriate forum or for other reasons." (Emphasis added.)

It was the father, James Marcrum, who instituted the earlier modification of child custody proceeding in the Texas court. He also instituted the later such proceeding in the Indiana court. When he instituted the later Indiana proceeding he was not seeking to avoid an assertion of jurisdiction over him in the Texas proceedings, but was seeking to invoke jurisdiction of yet another court in service of his claim. When then he chose to dismiss the Texas proceedings as he had a right to do as the movant Ind.Code § 31–1–11.6–6 ceased to have any applicability at all as an obstacle to the assertion of jurisdiction in an Indiana court.

In my view the dismissal of the entire Texas proceedings served the same purpose underlying this provision of the statute as a stay of those proceedings would have had.